**JUDGE CROTTY**

**'07 CIV 7604**

Michael C. Miller (MM 4632)
Evan Glassman (EG 9493)
Christopher J. Marino (CM 3219)
STEPTOE & JOHNSON LLP
750 Seventh Avenue, Suite 1900
New York, New York 10019
Telephone:    212-506-3900
Facsimile:    212-506-3950

Of Counsel:

Roger E. Warin, Esq.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:    (202) 429-3000
Facsimile:    (202) 429-3902



*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN WYNN, ELAINE WYNN, WYNN RESORTS LIMITED AND WYNN RESORTS L.L.C.<br><br>               Plaintiffs,<br><br>   vs.<br><br>LEXINGTON INSURANCE COMPANY, and ALLIED WORLD ASSURANCE COMPANY (US) INC.,<br><br>             Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES OF UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Lexington Insurance Company and

Allied World Assurance Company (US) Inc. hereby file this Notice of Removal of the above-

described action to the United States District Court for the Southern District of New York, from

the New York Supreme Court for New York County, New York, where the action is now

pending, and respectfully avers and shows as a basis for this Notice of Removal as follows:

## THE PARTIES

1.     As set forth in the Plaintiffs' Complaint, Plaintiffs Wynn Resorts Limited and

Wynn Resorts L.L.C. both are limited liability companies organized under the laws of Nevada

with their respective principal places of business located in Nevada.  *See* Complaint at ¶ 3.

2.     Upon information and belief, Plaintiffs Steven Wynn and Elaine Wynn (the

"Wynns") are individuals residing in the State of Nevada.  As set forth in the Plaintiffs'

Complaint, the Wynns are shareholders and the leaseholders under a proprietary lease in a

cooperative apartment building located at 817 Fifth Avenue, New York, New York, (the "Wynn

Property") which serves as the Wynns' residence and place of business when they are in New

York.  *See* Complaint at ¶ 4.

3.     At the time this action was commenced in the Supreme Court of the State of New

York and at all times relevant, Defendant Lexington Insurance Company was and is a

corporation organized under the laws of the State of Delaware with its principal place of business

located at 100 Summer Street, Boston, Massachusetts 02110.

4.     At the time this action was commenced in the Supreme Court of the State of New

York and at all times relevant, Defendant Allied World Assurance Company (US) Inc. is a

corporation organized under the laws of the state of Delaware with its principal place of business

located at 225 Franklin Street, 27th Floor, Boston, Massachusetts 02110.

## BACKGROUND

5.     On or about August 6, 2007 Plaintiffs filed a Summons and Complaint in the

Supreme Court of the State of New York, County of New York, Index No. 602649/07, asserting

actions for breach of contract, fraud, and declaratory judgment under the Nevada Declaratory

Judgments Act, N.R.S. § 30.010, *et seq.*, and damages under the Nevada Unfair Insurance

Practices Act, N.R.S. § 686A.010. Plaintiffs are seeking both money damages and declaratory

relief based on Defendants' alleged refusal to pay amounts claimed by Plaintiffs in connection

with certain insurance policies allegedly issued by the Defendants sharing the risk of insuring the

Wynn Property and its contents from various perils. *See* Complaint at ¶¶10-12.

      6.      Plaintiffs' claim arose out of alleged water damage to the Wynn Property and its

contents due to a water pipe burst in the ceiling that allegedly occurred on or about December 29,

2004. *See* Complaint ¶ 16. As alleged in Plaintiffs' Complaint, the water from such pipe "was

the direct and proximate cause of widespread structural damage to the Apartment's walls, ceiling

and floors …." *See* Complaint ¶ 17.

      7.      Pursuant to Plaintiffs' Complaint, the total alleged cost for remediation of the

Wynn Property was more than $4 million, of which Defendants allegedly paid $208,705.61. *See*

Complaint ¶ 26. Thus, as damages, Plaintiffs are seeking, *inter alia*, payment of the remaining

alleged balance, over $3.9 million. *See* Complaint at p.12.

## BASIS FOR REMOVAL

      8.      This action is a civil action of which this Court has original jurisdiction pursuant

to 28 U.S.C. § 1332 and is an action which may be removed to this Court by Defendants

pursuant to the provisions of 28 U.S.C. § 1441(a) for the following reasons:

          a.      There is complete diversity of citizenship between all Plaintiffs and all

Defendants in this action as all Plaintiffs are citizens of the State of Nevada and all

Defendants are citizens of the States of Delaware and Massachusetts; and

b.    The amount in controversy in this action, exclusive of interest and costs, is over $3.9 million and therefore exceeds $75,000 as required pursuant to 28 U.S.C. § 1332(a).

9.    This Court is the proper venue to which this case may be removed because the Southern District of New York is the judicial district in which the action is currently pending.  28 U.S.C. § 1441(a).

10.    Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because none of the parties in interest properly joined and served as Defendants are citizens of the State of New York, the State in which this action was brought.

11.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it has been filed within 30 days after the Defendants first received notice of the suit through service of process and could ascertain that it was removable.

12.    A copy of all process and pleadings served upon Defendants are filed with this Notice and attached as Exhibit A.

13.    Defendants shall provide written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), including filing a copy of this Notice with the clerk of the Supreme Court of New York in the County of New York, New York.

## CONCLUSION

For the foregoing reasons, Defendants Lexington Insurance Company and Allied World Assurance Company (US) Inc. hereby notice the removal of the action described herein from the Supreme Court of New York, County of New York, New York and pray for any and all other relief as to which the Court deems they are entitled.

Respectfully submitted,

Michael C. Miller (MM 4632)
Evan Glassman (EG 9493)
Christopher J. Marino (CM 3219)
STEPTOE & JOHNSON LLP
750 Seventh Avenue, Suite 1900
New York, New York 10019
Telephone:    212-506-3900
Facsimile:    212-506-3950

Of Counsel:

Roger E. Warin, Esq.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Telephone:    (202) 429-3000
Facsimile:    (202) 429-3902


*Attorneys for Defendants*
  *Lexington Insurance Company and*
  *Allied World Assurance Company (US) Inc.*

Date:  August 27, 2007

## CERTIFICATE OF SERVICE

I do hereby certify that on this 27th day of August, 2007, I served a copy of the foregoing **Notice of Removal** on Stuart P. Slotnick, Esq., counsel for Plaintiffs in the above-captioned matter via electronic mail and Federal Express.

Christopher J. Marino

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

STEVEN WYNN, ELAINE WYNN      :
WYNN RESORTS LIMITED AND      :
WYNN RESORTS L.L.C.      :
              Plaintiffs,     :
     :
     v.          :
     :
LEXINGTON INSURANCE      :
COMPANY, and      :
ALLIED WORLD ASSURANCE      :
COMPANY,      :
              Defendants.     :

---

**SUMMONS**

NEW YORK
COUNTY CLERK'S OFFICE

Index No.: 602649/07    AUG - 6 2007

Date Filed:

NOT COMPARED
WITH COPY FILE

Venue is Based on
Designation of the Plaintiffs

---

**TO THE ABOVE NAMED DEFENDANT(S):**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve

a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of

Appearance, on the Plaintiff's attorney within 20 days after the service of this Summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

Complaint.

    This is an action concerning defendants' wrongful and fraudulent non-payment of claims

under insurance policies issued to Wynn Resorts LLC and Wynn Resorts Limited on an

apartment, and the personal property, improvements and furnishings contained therein, of which

Steve and Elaine Wynn are the proprietary leaseholders and corresponding shareholders, located

at 817 5th Avenue, New York, New York, that has sustained extensive damage to its structure

and furnishings due to a flood.

Dated: New York, New York
       August 6, 2007

                                        BUCHANAN INGERSOLL & ROONEY PC

                                        By: _____
                                            Barry I. Slotnick, Esq.
                                            Stuart P. Slotnick, Esq.
                                            Attorneys for Plaintiffs
                                            Wynn Resorts Limited, Wynn Resorts L.L.C
                                            Steve Wynn, Elaine Wynn
                                            One Chase Manhattan Plaza, 35th Floor
                                            New York, New York 10005
                                            (212) 440-4400

TO:    Lexington Insurance Company
       100 Summer Street
       Boston, Massachusetts 02110

       Allied World Assurance Company
       100 Summer Street
       Boston, Massachusetts 02110

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

STEVE WYNN, ELAINE WYNN,            :    Index No.: 602649/07
WYNN RESORTS LIMITED AND
WYNN RESORTS L.L.C.                  :
                                                 NEW YORK
                     Plaintiffs,     :    COUNTY CLERK'S OFFICE

                                          Date filed:
            v.                       :
                                          COMPLAINT    AUG - 6 2007
LEXINGTON INSURANCE                  :
COMPANY, and                              NOT COMPARED
ALLIED WORLD ASSURANCE               :    WITH COPY FILE
COMPANY (US), INC.,
                     Defendants.     :

---

        Plaintiffs, Steve Wynn, Elaine Wynn (collectively referred to herein as "Owners"),

Wynn Resorts Limited ("Wynn Ltd.") and Wynn Resorts L.L.C. ("Wynn LLC") (the Owners,

Wynn Ltd., Wynn LLC are collectively referred to herein as "Wynn" or "Plaintiffs"), by and

through their undersigned attorneys, Buchanan Ingersoll & Rooney PC, hereby bring this

action against defendants, Lexington Insurance Company ("Lexington") and Allied World

Assurance Company (US) Inc. ("Allied") (Lexington and Allied are collectively referred to

herein as "Defendants") and allege as follows:

## INTRODUCTION

        1.      Plaintiffs were forced to bring this action due to Defendants' fraudulent

misrepresentations about their obligations under certain all-risk insurance policies purchased

by Plaintiffs and their unjustifiable and bad faith refusals to provide Plaintiffs with the

bargained-for benefits under those policies.  The policies indemnified Plaintiffs against all

losses to an apartment located at 817 Fifth Avenue, New York, New York resulting from

certain specified perils, including but not limited to, flooding.  In reliance on the Defendants'

representations about the scope of coverage, Plaintiffs proceeded to pay exorbitant premiums to Defendants in the amount of over $100,000.00 per year for insurance coverage on the Manhattan apartment and the expensive furnishings, personal property, and improvements contained therein.

2.      After a massive flood destroyed or damaged beyond repair much of the apartment and its contents, Defendants have, in bad faith and without justification or excuse, purported to limit their obligations to indemnify Plaintiffs to a mere fraction of the actual cost of restoring the apartment to its pre-flood condition and related extra expenses.  Meanwhile, Plaintiffs, in reliance on Defendants' misrepresentations, forbore immediate renovation and reparation of the damaged interior and furnishings, causing further them to suffer further damages from loss of use, loss of business income, increased extra expenses covered under the policies and possible increased deterioration of the apartment and its furnishings. Defendants' persistence in their bad faith and wrongful denial of coverage has left Plaintiffs with no choice but to initiate this present action.

## THE PARTIES

3.      Plaintiffs, Wynn LLC and Wynn Ltd., are Nevada limited liability companies with a principal place of business located in Nevada.

4.      The Owners own shares and are the leaseholders under a proprietary lease in cooperative apartment building locating at 817 Fifth Avenue, New York, New York (the "Apartment").  This Apartment serves as the Owners' residence and place of business when they are in New York.

5.      Defendant, Lexington is a corporation organized and existing under the laws of Delaware and maintaining administrative offices at 100 Summer Street, Boston,

Massachusetts 02110 and its principal place of business at 200 State Street, Boston,

Massachusetts 02109.

6.      Defendant, Allied is a Bermuda corporation maintaining its corporate

headquarters at 27 Richmond Road, Pembroke HM 08, Bermuda and a United States

headquarters located at 225 Franklin Street, 27th Floor, Boston, Massachusetts 02110.

7.      At all relevant times, Lexington provided all-risk property insurance coverage

on the Apartment, as well the furnishings, personal property, and improvements contained

therein to Wynn Ltd. against certain perils, including but not limited to flooding.

8.      Allied provided all-risk property insurance coverage to Wynn LLC on the

Apartment, and its furnishings, personal property and improvements contained therein

against certain specified perils, including but not limited to, flooding.

9.      At the time Defendants provided coverage for Wynn for the Apartment, they

knew that the Apartment was lavishly and extravagantly furnished and renovated and that the

Plaintiffs sought insurance for high-end and custom-made furnishings, personal property and

improvements.  Indeed, the Defendants were provided with a list of the covered items and

their estimated values at the time they issued their policies to Wynn.  Thus, there can be no

question that the Defendants were aware of the opulence of the Apartment and the value of its

contents and that it would be extremely expensive to replace or repair any item destroyed or

damaged as a result of a covered peril.

## STATEMENT OF FACTS

### THE POLICIES

10.     For the coverage period of June 22, 2004 through June 22, 2005, Lexington

issued ALL RISK INCLUDING FLOOD Insurance Policy No. 1374229 to Wynn Ltd.  *(See*

the Lexington policy attached as Exhibit "A" and, at times herein, is referred to as the "Lexington Policy").

11.    For the coverage period of June 22, 2004 through June 22, 2005, Allied issued ALL RISK INCLUDING FLOOD Insurance Policy No. AW1374229 to Wynn LLC. (*See* the Allied policy attached also as Exhibit "A" and, at times herein, is referred to as the "Allied Policy").

12.    The Lexington and Allied Policies share the risk of insuring the Apartment, and its contents, as well as extra expenses such as loss of business income or other damages resulting from certain perils, including flooding (collectively herein referred to as the "Policies"). The Policies were delivered to Nevada, where the primary insureds are principally located.

13.    Under the Policies, Defendants are unquestionably obligated to provide insurance coverage to Wynn for any covered losses to the Apartment, inclusive of losses arising from flood damage, up to an amount of $65,140,787.00.

14.    In reliance on the Defendants' representations about the scope of coverage, at all relevant times, Wynn paid the annual premium of over $100,000.00 under the Policies. Defendants accepted the premium payments, bound the coverage and, upon information and belief, earned investment or interest income on Wynn's premiums. During this time, Wynn had no reason to suspect that Defendants had no intention of ever paying the full amount of coverage owed under the Policies.

**THE FLOOD**

15.     On or about December 29, 2004, a water pipe in the ceiling of the Apartment

burst, causing substantial damage to the furnishings and infrastructure of the Apartment

(herein the "Flood"), including total destruction of some items and locations therein.

16.     Due to the extensive damage sustained to the property and improvements in

the Apartment, the Owners were unable to repair completely or satisfactorily the vast majority

of the affected items.  The Owners thus had no choice but to expend a considerable sum to

replace these damaged items and incur extra expenses while conducting business in

Manhattan.

17.     Moreover, the Flood was the direct and proximate cause of widespread

structural damage to the Apartment's walls, ceiling and floors, damage that required extensive

renovations and remediation to restore the Apartment to its pre-Flood condition.

**Defendants' Wrongful Denial of the Claim**

18.     The Plaintiffs duly submitted documentary evidence of the out-of-pocket costs

and other expenses incurred of approximately $4 million to repair and remediate the damaged

portions of the Apartment's infrastructure, remove and replace the high-end furnishings and

adornments, including but not limited to custom-made wall coverings and carpet, and to

restore the Apartment to the opulence and splendor it enjoyed prior to the Flood.  In addition,

Wynn intends to demonstrate at trial additional and consequential damages relating to the loss

of use of the Apartment, the loss of income from the prolonged inhabitability of the

Apartment, the extra expenses incurred and possibly increased deterioration of the Apartment

from the Defendants' dilatory actions and inaction.

19.    Despite Plaintiff's submission to Defendants of evidence of the out-of-pocket damages resulting from the Flood, Defendants have wrongfully refused to honor their contractual liability under the Policies.  Specifically, they have wrongfully and unjustifiably failed to indemnify Wynn for the full amount necessary to restore the Apartment to its pre-Flood condition, let alone for covered extra expenses relating to the Flood.

20.    The improper and fraudulent conduct of Defendants caused the Plaintiffs to delay renovation in the expectation that payment on the claims would be forthcoming, which it was not.  Plaintiffs' reasonable forbearance in remediation caused them to suffer increased damages and extra expense from the inability to utilize the Apartment for business or as a secondary residence.

21.    Despite Wynn's efforts to resolve this matter without resorting litigation, Defendants persisted in denial of their full liability under the Policies.  Upon information and belief, they have done so to retain the benefits of the premiums of over $100,000.00 per year and the investment or interest return thereon, while fully intending to deny their indemnity obligations under the Policies.  Plaintiffs now bring this action for relief.

## AS FOR THE FIRST CAUSE OF ACTION

### (Breach of Contract by Defendants)

22.    Plaintiff repeats, reiterates, re-alleges and incorporates each and every allegation set forth in the entirety of this complaint (both preceding and succeeding allegations), with the same force and effect as though fully set forth fully and at length herein.

23.    There can be no dispute that the Policies cover the losses to the Apartment, its contents and extra expenses incurred as a result of flood.

24.    Nor can there be any dispute that much of the Apartment and the insured property and improvements contained therein were destroyed, damaged or rendered unusable or irreparable by the Flood.

25.    Plaintiffs have fully complied with their obligations under the Policies. They have paid all premiums due and owing to Defendants. Plaintiffs have provided Defendants detailed documentary evidence of the Owners' out-of-pocket costs of replacing and, where possible, repairing the items and improvements damaged by the Flood.

26.    Notwithstanding that submission of detailed proof of loss, Defendants thus far have paid only $208,705.61 to Wynn. That payment represents approximately only 5% of the Owners' demonstrated Costs of remediation of nearly $4 million. Moreover, the almost $4 million in Costs does not include covered damages stemming from extra expenses and losses incurred, not yet substantiated, but which Plaintiffs intend to prove at trial.

27.    Nevertheless, without any lawful or reasonable justification, the Defendants wrongfully refused to honor their contractual insurance obligations and refused to pay to Wynn, at minimum, all of the monies due and owing in out-of-pocket costs.

28.    Defendants had an obligation under the Policies to implement proper procedures for investigation of claims and to effectuate prompt payment of their liabilities for covered damages. Defendants failed to adopt such procedures and instead retained an adjuster to assess the claims. Not surprising, this adjuster, upon information and belief, at the instruction of the Defendants, purported to deny the bulk of Plaintiffs' losses, even though such damages were supported by documentary evidence. This unfair and improper procedure for claims adjustment breached Defendants' obligations under the Policies.

7

29.     Defendants have continued their bad faith refusal to pay Wynn the remaining amount of its damages to restore the Apartment to its pre-Flood condition, which is in excess of $3.9 million.

30.     Moreover, as a direct and proximate result of Defendants' aforesaid wrongful breach of the aforesaid contract, the Owners suffered further economic damages covered under the Policies from loss of use of the Apartment, lost income from the inability to do business there, extra expenses from having to stay elsewhere when in Manhattan to conduct business or otherwise and additional losses which stem from the vexatious conduct of Defendants.

31.     By virtue of the aforesaid, Plaintiffs have suffered economic loss and damages in the sums exceeding $3.9 million in an amount to be determined at trial.

## AS FOR THE SECOND CAUSE OF ACTION

(Fraud by Defendants)

32.     Plaintiff repeats, reiterates, re-alleges and incorporates each and every allegation set forth in the entirety of this complaint (both preceding and succeeding allegations), with the same force and effect as though fully set forth fully and at length herein.

33.     Defendants' rejection of the majority Wynn's claims were part of a fraudulent scheme by Defendants to avoid its obligations under the Policies, while retaining the benefits of the substantial annual premiums. In marketing the Policies to and in negotiating the terms of the ALL RISK Policies with the Policyholders, Defendants represented to the Policyholders that the Policies would indemnify them, including Wynn, individually, against all risks of direct physical loss, damage and extra expense that were covered by the Policy and not specifically excluded from coverage.

8

34.    Implied in these misrepresentations about the scope of coverage was that the Defendants would implement and maintain a fair and prompt procedure for assessing and paying claims under the Policies.

35.    Upon information and belief, Defendants knew or should have known that Plaintiffs reasonably believed that they had fair and prompt procedures for payment of claims. Defendants, however, failed to disclose that they lacked such procedures.

36.    Defendants made these knowing misrepresentations and failures to disclose with the intent of defrauding Wynn out of the annual premiums of over $100,000.00 per year, allowing them to retain the benefit of the interest or investment income thereon, while improperly limiting their liability under the Policy through bad faith restrictions on coverage.

37.    By virtue of its reliance on Defendants' willful misrepresentations, Wynn purchased insurance from the Defendants and did not seek any other source of coverage for the Apartment, reasonably expecting that the Apartment and its contents and extra expenses were fully insured from losses from the specified perils, including but not limited to flooding.

38.    In addition, Defendants misrepresentations about the extent of coverage and failures disclose the unfairness of the assessment procedures reasonably caused Wynn to forebear and delay necessary repairs and remediation, based on the reasonable belief that coverage under the Policies would be forthcoming.  This forbearance caused the Owners to suffer damages and loss of income and forcing them to stay elsewhere while in New York City.

39.     By virtue of the aforesaid, the Plaintiffs have suffered economic loss and damages in the sums exceeding $3.9 million and seeks punitive damages in an amount to be determined at trial.

## AS FOR THE THIRD CAUSE OF ACTION

(Nevada Declaratory Judgments Act, N.R.S. §30.010, *et seq.*)

40.     Plaintiff repeats, reiterates, re-alleges and incorporates each and every allegation set forth in the entirety of this complaint (both preceding and succeeding allegations), with the same force and effect as though fully set forth fully and at length herein.

41.     There is a bona fide dispute between the parties regarding Defendants' duties to provide insurance coverage for Wynn's claim under the Policies.

42.     Pursuant to the Nevada Declaratory Judgments Act, as codified in N.R.S. §30.010, *et seq.*, there is an actual case and controversy of a justiceable nature.  As such, the Plaintiffs are entitled to a declaration that the Policies require Defendants to provide insurance coverage for their claims.

43.     All persons and entities who have any claim or interest which would be affected by the declaratory relief requested are parties to this action as the subject policies were bound for coverage and delivered to Wynn in Nevada.

44.     An award of the declaratory relief is warranted to make certain the rights of the parties.

45.     Wynn has suffered direct and substantial harm and has been prejudiced by Defendants' refusal to provide insurance coverage for the claim under the Policies and,

10

accordingly, Plaintiffs are entitled to a declaration that their claim, as evidenced herein, is to be covered completely by the Policies.

## AS FOR THE FOURTH CAUSE OF ACTION

(Nevada Unfair Insurance Practices Act, N.R.S. §686A.010, *et seq.*)

46.     Plaintiff repeats, reiterates, re-alleges and incorporates each and every allegation set forth in the entirety of this complaint (both preceding and succeeding allegations), with the same force and effect as though fully set forth fully and at length herein.

47.     Pursuant to the Policies, Defendants were required to provide insurance coverage and to compensate Wynn for all covered losses.

48.     At all relevant times, Defendants were subject to the provisions of the Nevada Unfair Insurance Practices Act, N.R.S. § 686A.010, *et seq.* (the "NUIPA").

49.     Defendants violated the provisions of the NUIPA through their performance of the following prohibited actions and/or omissions:

(a)     Failing to a effectuate prompt, fair, and equitable procedure for payment on a claim in which the liability of Defendants was established by Plaintiffs' submissions;

(b)     Failing to promptly provide Wynn with a reasonable explanation of the basis in the Policies, with respect to the facts of Wynn's claim and the applicable law, for the denial of Wynn's claim; and

(c)     Failing to acknowledge and act reasonably promptly upon communications with respect to the claim arising under the Policies

50.     Defendants' actions and/or inactions as set forth above constitute unfair insurance practices and are therefore in violation of the NUIPA.

WHEREFORE, plaintiffs, Steve Wynn, Elaine Wynn, Wynn Resorts Limited, and Wynn Resorts L.L.C., jointly and respectfully request judgment in their favor and an Order

against defendants, Lexington Insurance Company and Allied World Assurance Company

Holdings, Limited, jointly and severally, in the form of order awarding:

      (a)    A declaration that the Policies provide complete insurance coverage for covered losses incurred by Plaintiffs as a result of the Flood;

      (b)    The entire amount of Wynn's loss under the Policies of at least the over $3.9 million necessary to restore the Apartment to its pre-Flood condition, plus attorneys' fees and cost of this action;

      (c)    Compensatory damages in an amount to be determined at trial;

      (d)    Consequential damages in an amount to be determined at trial;

      (e)    Attorneys' fees and costs of suit,

      (f)    Punitive damages;

      (g)    A finding of attorneys fees and costs for the time spent by Wynn's agents or employees in seeking its proper recovery against Defendants for the improper conduct as alleged herein;

      (h)    An alternative award of statutory damages under Nevada Declaratory Judgments Act, N.R.S. §30.010, *et seq.*;

      (i)    An alternative award of statutory damages under Nevada Unfair Insurance Practices Act, N.R.S. §686A.010, *et seq.*; and

(j)      Any other relief as this Court deems equitable and just.

Dated: August 6, 2007
New York, New York

<div style="margin-left:40%;">

BUCHANAN INGERSOLL & ROONEY PC

By: _____

        Barry I. Slotnick, Esq.
Stuart P. Slotnick, Esq.
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005
(212) 440-4400
Attorneys for Plaintiffs
Wynn Resorts Limited, Wynn Resorts L.L.C
Steve Wynn, Elaine Wynn

</div>

Counsel: H. Marc Tepper, Esquire

13