# Exhibit B(1)

POLICY

ALLIED WORLD ASSURANCE COMPANY (US) INC.
Administrative Office 100 Summer Street, Boston, Massachusetts 02110-2103
(hereinafter called the Company)

COMMERCIAL PROPERTY POLICY
DECLARATIONS

POLICY NUMBER: AW1374229                                    RENEWAL OF: NEW

ITEM 1.  Named Insured: WYNN RESORTS LIMITED

   Address:   3720 HOWARD HUGHES PARKWAY, #170

              LAS VEGAS            NV  89109

ITEM 2.  Policy Period:
         From 06/22/2004              TO: 06/22/2005
         at 12:01 A.M. Standard Time at the address of the named insured shown above.

ITEM 3.  Limit of Insurance:
         $2,500,000 PART OF $65,140,787           *See correction above.*
         SEE CONTRIBUTORY ENDT#001

         Total Premium    ($118,993) 5/6 16,435    Minimum Earned Premium    $29,748

ITEM 4.  Perils:
         ALL RISK INCLUDING FLOOD (EXCLUDING SFHA) & EARTHQUAKE (EXCLUDING CA, HI, AK & PR)

ITEM 5.  Description of Property Covered:                                    Coinsurance
         REAL & BUSINESS PERSONAL PROPERTY, BUSINESS INTERRUPTION, EXTRA EXPENSE    N/A
         (EXCLUDING ORDINARY PAYROLL), NEWLY ACQUIRED REAL & BUSINESS PERSONAL
         PROPERTY, UNNAMED REAL & BUSINESS PERSONAL PROPERTY, LEASE HOLD INTEREST,
         SINKHOLE COLLAPSE, CIVIL AUTHORITY, INGRESS & EGRESS, DECONTAMINATION EXPENSE,
         ERRORS & OMISSIONS, ACCOUNTS RECEIVABLE, VALUABLE PAPERS, ELECTRONIC DATA
         PROCESSING EQUIPMENT & MEDIA, DEBRIS REMOVAL, DEMOLITION & INCREASED COST OF
         CONSTRUCTION (DICC), ORDINANCE OR LAW, SERVICE INTERRUPTION PD & TE, BUILDINGS
         IN DUE COURSE OF CONSTRUCTION, LOSS ADJUSTMENT EXPENSES, POLLUTION CLEAN-UP
         LAND & WATER

ITEM 6.  Mortgagee Clause: Loss, if any shall be payable to:

ITEM 7.  Forms Attached:

         See attached forms schedule

                                                _____
                                                Authorized Representative OR
                                                Countersignature (In states where applicable)

PRPDEC(Ed.01/91)
LX1119

# COVER NOTE

| | |
|---|---|
| ISSUED BY | EASTERN R..K SPECIALISTS |
| LOCATED AT: | 1700 MARKET STREET, 20th FLOOR<br>PHILADELPHIA, PA 19103 |
| DATE: | 06/24/04 |

*Rec'd 5/12/05. JP.*

1. INSURED: ~~WYNN RESORTS L.L.C.~~ *9b Wynn Resorts, Limited.*
   ~~3145~~
2. ADDRESS: ~~3131 LAS VEGAS BLVD. S.~~ *3720 Howard Hughes Pkwy #170*
   LAS VEGAS, NV 89109     *See endt.*

3. COVER NOTE NUMBER    RENEWAL OF    EFFECTIVE DATE    EXPIRATION DATE
   AW1374229            NEW           06/22/04          06/22/05

4. AMOUNT OF INSURANCE:   $2,500,000 PART OF $10,000,000 PART OF
                         $65,140,787
                         *vs. 16.502*
5. PREMIUM:              $16,435.00 BROKER RESPONSIBLE FOR FILINGS

6. COVERING ON:          REAL & BPP, BI, EE X/S ORDINARY PAYROLL, NEWLY
                         ACQUIRED REAL & BPP, UNNAMED REAL & BPP,
                         LEASE HOLD INT, ACCTS RECV; VALUABLE PAPERS,
                         EDP

   *See below more details. JP*

7. LOCATION:             AS PER SCHEDULE ON FILE WITH COMPANY

8. TO INDEMNIFY AGAINST LOSS BY:   ALL RISK INCLUDING FLOOD (X/S SFHA) &
                                   EARTHQUAKE (X/S CA, HI, AK & PR)

9. TERMS AND CONDITIONS:
   A. TOTAL PREMIUM DUE WITHIN THIRTY DAYS OF THE EFFECTIVE DATE OF COVERAGE.
   B. DEDUCTIBLE $25,000 AOP, EXCEPT; $100,000 FLOOD, 5%, $100,000 FLOOD NAMED
   STORM, $100,000 EARTHQUAKE, $10,000 TRANSIT, $10,000 EDP, $10,000 MACHINERY &
   EQUIPMENT BREAKDOWN, 24 HOUR WAITING PERIOD QUALIFIER DEFINING THE COVERED EVENT
   FOR UTILITY SERVICE INTERRUPTION, CIVIL AUTHORITY AND INGRESS & EGRESS

10. INSURED WITH: ALLIED WORLD ASSURANCE COMPANY (U.S.), INC.

11. REFERENCES:   BOUND WITH RICHARD E. JODOIN

This cover note is based on cable and/or mail and/or telephone advices from the above insurer(s) and is subject to policy conditions, when, as and if issued and is issued by the undersigned without any liability whatsoever as insurer, being solely for the convenience of the insured and is to be automatically cancelled and superceded by the policy upon issuance.

Cancellation: This cover note may be cancelled by either the Insured or the Insurer by written notice to the other. In the event of cancellation, the earned premium will be computed short rate if cancelled by the insured unless subject to minimum premium and pro rata if cancelled by the insurer.

If the premium is not paid within the time specified in the section, "Terms and Conditions" of this cover note, the insurance evidenced by this cover note shall automatically terminate at the end of the time specified and the short rate premium shall be due and payable

*Richard E. Jodoin*
AUTHORIZED REPRESENTATIVE

Property Cover Note

ALLIED WORLD ASSURANCE COMPANY (US) INC.
Administrative Office 100 Summer Street, Boston, Massachusetts 02110-2103
(hereinafter called the Company)

COMMERCIAL PROPERTY POLICY
DECLARATIONS

POLICY NUMBER: AW1374229                                  RENEWAL OF: NEW

ITEM 1.   Named Insured: ~~WYNN RESORTS L.L.C.~~ *Wynn Resorts, Limited*

          Address: ~~3449~~ 3131 LAS VEGAS BLVD. S

                   LAS VEGAS        NV  89109

ITEM 2.   Policy Period:
          From 06/22/2004                TO: 06/22/2005
          at 12:01 A.M. Standard Time at the address of the named insured shown above.

ITEM 3.   Limit of Insurance:
          $2,500,000 PART OF $65,140,787 (SEE CONTRIBUTORY ENDT#001)

          Total Premium    $16,435         Minimum Earned Premium    $4,109

                           *VS. 16,502 -*

ITEM 4.   Perils:
          ALL RISK INCLUDING FLOOD (EXCLUDING SFHA) & EARTHQUAKE (EXCLUDING CA, HI, AK & PR)

ITEM 5.   Description of Property Covered:                                              Coinsurance
          REAL & BUSINESS PERSONAL PROPERTY, BUSINESS INTERRUPTION, EXTRA EXPENSE        N/A
          (EXCLUDING ORDINARY PAYROLL), NEWLY ACQUIRED REAL & BUSINESS PERSONAL
          PROPERTY, UNNAMED REAL & BUSINESS PERSONAL PROPERTY, LEASE HOLD INTEREST,
          SINKHOLE COLLAPSE, CIVIL AUTHORITY, INGRESS & EGRESS, DECONTAMINATION EXPENSE,
          ERRORS & OMISSIONS, ACCOUNTS RECEIVABLE, VALUABLE PAPERS, ELECTRONIC DATA
          PROCESSING EQUIPMENT & MEDIA, DEBRIS REMOVAL, DEMOLITION & INCREASED COST OF
          CONSTRUCTION (DICC), ORDINANCE OR LAW, SERVICE INTERRUPTION PD & TE, BUILDINGS
          IN DUE COURSE OF CONSTRUCTION, LOSS ADJUSTMENT EXPENSES, POLLUTION CLEAN-UP
          LAND & WATER

ITEM 6.   Mortgagee Clause: Loss, if any shall be payable to:
ITEM 7.   Forms Attached:

          See attached forms schedule

                                                    _____
                                                    Authorized Representative OR
                                                    Countersignature (In states where applicable)

PRPDEC(Ed.01/91)
LX1119

ALLIED WORLD ASSURANCE COMPANY (US) INC.

ANY REFERENCE IN THE POLICY FORM TO CONTACT IN WRITING THE COMPANY'S CLAIM OR LEGAL DEPARTMENTS SHOULD USE THE ADDRESSES PROVIDED BELOW.

Attn: Claim Department
ALLIED WORLD ASSURANCE COMPANY (US) INC.
100 Summer Street
Boston, Massachusetts 02110-2103

Attn: Legal Department
ALLIED WORLD ASSURANCE COMPANY (US) INC.
100 Summer Street
Boston, Massachusetts 02110-2103

FORMS SCHEDULE

NAMED INSURED: WYNN RESORTS L.L.C.

POLICY NO: AW1374229                                EFFECTIVE DATE: 06/22/2004

| FORM NUMBER | EDITION DATE | ENDT NUMBER | TITLE |
| --- | --- | --- | --- |
| PRFIRS | 01/91 | | FIRE SCHEDULE |
| PRPDEC | 01/91 | | PROPERTY DEC |
| PR9014 | 01/91 | | OCCURRENCE LIMIT OF LIABILITY |
| IL0017 | 11/85 | | COMMON POLICY CONDITIONS |
| CP0090 | 07/88 | | COMMERCIAL PROPERTY CONDITIONS |
| PR9015 | 01/91 | | POLLUTION CONTAMINATION FORM |
| PR9019 | 01/94 | | STANDARD PROPERTY CONDITIONS |
| CP1030 | 07/88 | | CAUSES OF LOSS SPECIAL FORM |
| CP0010 | 07/88 | | BUILDING & PP COVERAGE FORM |
| CM0066 | 07/88 | | ACCOUNTS RECEIVABLE COVERAGE |
| CM0067 | 07/88 | | VALUABLE PAPERS & RECORDS |
| | | | TRANSPORTATION FROM 3715 |
| | | | INSURING AGREEMENT FORM 20031 |
| LX9598 | 05/03 | ENDT#001 | CONTRIBUTORY ENDORSEMENT |
| LEXDOC021 | 12/87 | ENDT#002 | FLOOD DEDUCTIBLE ENDT |
| PR9025 | 09/92 | ENDT#003 | EARTHQUAKE ENDORSEMENT |
| PR9566 | 11/02 | ENDT#004 | EQUIPMENT BREAKDOWN ENDT |
| PR9567 | 11/02 | ENDT#005 | EQUIPMENT BREAKDOWN SCHEDULE |
| PR9026 | 09/92 | ENDT#006 | FLOOD ENDORSEMENT |
| LX9512 | 08/02 | ENDT#007 | MOLD/FUNGUS EXCLUSION |
| PR9541 | 09/02 | ENDT#008 | NAMED INSURED ENDORSEMENT |
| CP0417 | 07/88 | ENDT#009 | OFF-PREM. POWER FAIL (DIR DMG) |
| CP1545 | 07/88 | ENDT#010 | OFF-PREM. SVCS (TIME ELEMENT) |
| CP0405 | 07/88 | ENDT#011 | ORDINANCE OR LAW COVERAGE |
| PR9514 | 09/02 | ENDT#012 | PROPERTY ENDORSEMENT |
| PR9017 | 01/91 | ENDT#013 | REPLACEMENT COST COVERAGE ENDT |
| PR9513 | 09/01 | ENDT#014 | WAR RISK & TERRORIST EXCLUSION |
| Y69813 | 02/98 | ENDT#015 | COMB. PROP/B&M MILLENNIUM ENDT |

DOC018 (ED. 12/87)
LX0295

FIRE

SCHEDULE OF COVERED LOCATIONS

Policy Number:   AW1374229

Issued to:   WYNN RESORTS L.L.C.     $/o 2,500,000 *See correction above*

| DESCRIPTION OF PREMISES: | LIMIT | PERCENT OF COINS. |
|---|---|---|
| AS PER SCHEDULE ON FILE WITH COMPANY | $2,000,000 P/O $10,000,000 P/O ~~$10,000,000 P/O~~ $65,140,787 & $0 EXCESS OF $10,000,000 P/O $65,140,787 | N/A ✓ |

SUBLIMITS:
| | |
|---|---|
| FLOOD ANNUAL AGGREGATE | $25,000,000 ✓ |
| EARTHQUAKE ANNUAL AGGREGATE | $25,000,000 ✓ |
| CONTINGENT BI & EE | $ 5,000,000 ✓ |
| EXTRA EXPENSE | $ 5,000,000 ✓ |
| ACCOUNTS RECEIVABLE | $ 5,000,000 ✓ |
| VALUABLE PAPERS | $ 5,000,000 ✓ |
| EDP INCLUDING MEDIA | $ 5,000,000 ✓ |
| TRANSIT | $    250,000 ✓ |
| UNNAMED LOCATION | $ 1,000,000 ✓ |
| POLLUTANT CLEAN UP ANNUAL AGGREGATE | $ ~~10,000~~ 100,000 |
| NEWLY ACQUIRED PROPERTY (90 DAYS TO REPORT) | $ 1,000,000 ✓ |
| OFF PREMISES TE | $ 5,000,000 ✓ |
| OFF PREMISES PD | $ 5,000,000 ✓ |
| ERRORS & OMISSIONS | $ 5,000,000 ✓ |
| BUILDINGS IN DUE COURSE CONSTRUCTION | $ 2,500,000 ✓ |
| LEASEHOLD INTEREST | $ 1,000,000 ✓ |
| CIVIL AUTHORITY & INGRESS & EGRESS | $ 5,000,000 OR ~~30~~ 60 DAYS |
| FINE ARTS | $ 1,000,000 ✓ |
| EXPEDITING EXPENSE | $ 1,000,000 ✓ |
| EXHIBITION & TRADE SHOWS | $   500,000 ✓ |
| FIRE DEPARTMENT SERVICE CHARGES | $   500,000 ✓ |
| LOSS ADJUSTMENT EXPENSES | $   250,000 ✓ |
| POLLUTION CLEAN-UP LAND & WATER | $   100,000 ✓ |

A SUBLIMIT OF 25% OF THE COVERED LOSS OR $5,000,000; WHICHEVER IS LESS SHALL APPLY TO DEBRIS REMOVAL, DEMOLITION & INCREASED COST OF CONSTRUCTION (DICC) & ORDINANCE OR LAW. ✓

THESE SUBLIMITS DO NOT INCREASE THE POLICY LIMIT OF $2,500,000 PART OF $10,000,000 PART OF $65,140,787 & $0 EXCESS OF $10,000,000 PART OF $65,140,787 PAYABLE IN ANY ONE OCCURRENCE. THIS INCLUDES ANY ADDITIONAL LIMIT SHOWN. ✓

PRFIRS (ED. 01/91)
LX1120

## OCCURRENCE LIMIT OF LIABILITY

It is understood and agreed that the following special terms and conditions apply to this policy:

1. The limit of liability or Amount of Insurance shown on the face of this policy, or endorsed onto this policy, is the total limit of the Company's liability applicable to each occurrence, as hereafter defined. Notwithstanding any other terms and conditions of this policy to the contrary, in no event shall the liability of the Company exceed this limit or amount irrespective of the number of locations involved.

   The term "occurrence" shall mean any one loss, disaster, casualty or series of losses, disasters, or casualties, arising out of one event. When the term applies to loss or losses from the perils of tornado, cyclone, hurricane, windstorm, hail, flood, earthquake, volcanic eruption, riot, riot attending a strike, civil commotion, and vandalism and malicious mischief one event shall be construed to be all losses arising during a continuous period of 72 hours. When filing proof of loss, the Insured may elect the moment at which the 72 hour period shall be deemed to have commenced, which shall not be earlier than the first loss to the covered property occurs.

2. The premium for this policy is based upon the Statement of Values on file with the Company, or attached to this policy. In the event of loss hereunder, liability of the Company, subject to the terms of paragraph one (1) above, shall be limited to the least of the following:

   a. The actual adjusted amount of loss, less applicable deductible(s).

   b. The total stated value for the property involved, as shown on the latest Statement of Values on file with the Company, less applicable deductible(s).

   c. The limit of Liability or Amount of Insurance shown on the face of this policy or endorsed onto this policy.

## COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

A. CANCELLATION
   1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

   2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:
      a. 10 days before the effective date of cancellation if we cancel for non-payment of premium; or
      b. 30 days before the effective date of cancellation if we cancel for any other reason.

   3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

   4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

   5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less that pro rata. The cancellation will be effective even if we have not made or offered a refund.

   6. If notice is mailed, proof of mailing will be sufficient proof of notice.

B. CHANGES
   This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. The policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

C. EXAMINATION OF YOUR BOOKS AND RECORDS
   We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

D. INSPECTIONS AND SURVEYS
   We have the right but are not obligated to:

   1. Make inspections and surveys at any time;

   2. Give you reports on the conditions we find; and

   3. Recommend changes.

   Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

   1. Are safe or healthful; or

   2. Comply with laws, regulations, codes or standards.

   These conditions apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

Copyright, ISO Commercial Risk Services, Inc.

IL0017(Ed.11/85)

E. PREMIUMS

    The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may bot be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative . Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

COMMERCIAL PROPERTY CONDITION

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

A. CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It s also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;

2. The Covered Property;

3. Your interest in the Covered Property; or

4. A claim under this Coverage Part.

B. CONTROL OF PROPERTY

Any act or neglect of any person other than you beyond your direction or control will not affect this insurance.

The breach of any condition of this Coverage Part at any one or more locations will not affect coverage at any location where, at the time of loss or damage, the breach of condition does not exist.

C. INSURANCE UNDER TWO OR MORE COVERAGES

If two or more of this policy's coverages apply to the same loss or damage, we will not pay more than the actual amount of the loss or damage.

D. LEGAL ACTION AGAINST US
No one may bring a legal action against us under this Coverage Part
unless:

1. There has been full compliance with all of the terms of this Coverage Part; and

2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

E. LIBERALIZATION

If we adopt any revision that would broaden the coverage under this Coverage Part without additional premium within 45 days prior to or during the policy period, the broadened coverage will immediately apply to this Coverage Part.

F. NO BENEFIT TO BAILEE

No person or organization, other than you, having custody of Covered Property will benefit from this insurance.

G. OTHER INSURANCE
1. You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage.

1 of 2

CP0090(Ed.07/88)        Copyright, ISO Commercial Risk Services, Inc.
LX1025

Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits of Insurance of all insurance covering on the same basis.

2. If there is other insurance covering the same loss or damage, other than that described in 1. above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

H. POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

1. We cover loss or damage commencing:

    a. During the policy period shown in the Declarations; and

    b. Within the coverage territory.

2. The coverage territory is:

    a. The United States of America (including its territories and possessions);

    b. Puerto Rico; and

    c. Canada.

I. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If any person or organization to or for whom we make payment under this Coverage Part has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after loss to impair them. But you may waive your rights against another party in writing:

1. Prior to a loss to your Covered Property or Covered Income.

3. After a loss to your Covered Property or Covered Income only if, at time of loss, that party is one of the following:
    a. Someone insured by this insurance;

    b. A business firm:

        1) Owned or controlled by you; or

        2) That owns or controls you; or

    c. Your tenant.

This will not restrict your insurance.

2 of 2

CP0090(Ed.07/88)    Copyright, ISO Commercial Risk Services, Inc.
LX1025

## POLLUTION, CONTAMINATION, DEBRIS REMOVAL
## EXCLUSION ENDORSEMENT

1. Property Not Covered

    This policy does not cover land, land values or water.

2. Pollution and Contamination Exclusion.

    This policy does not cover loss or damage caused by, resulting from, contributed to or made worse by actual, alleged or threatened release, discharge, escape or dispersal of CONTAMINANTS or POLLUTANTS, all whether direct or indirect, proximate or remote or in whole or in part caused by, contributed to or aggravated by any physical damage insured by this policy.

    Nevertheless, if fire is not excluded from this policy and a fire arises directly or indirectly from seepage or contamination or pollution, any loss or damage insured under this policy arising directly from that fire is insured, subject to the provisions of this policy.

    CONTAMINANTS or POLLUTANTS means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste, which after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder, including, but not limited to, bacteria, fungi, virus, or hazardous substances as listed in the Federal Water, Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and Toxic Substances Control Act or as designated by the U. S. Environmental Protection Agency. Waste includes materials to be recycled, reconditioned or reclaimed.

    This exclusion shall not apply when loss or damage is directly caused by fire, lightning, aircraft impact, explosion, riot, civil commotion, smoke, vehicle impact, windstorm, hail, vandalism, malicious mischief. This exclusion shall also not apply when loss or damage is directly caused by leakage or accidental discharge from automatic fire protective systems.

3. Asbestos Exclusions

    This policy does not cover -

    a) Asbestos, dioxin or polychlorinated biphenols (hereinafter all referred to as "Materials") removal from any good, product or structure unless the asbestos is itself damaged by fire, lightning, aircraft impact, explosion, riot, civil commotion, smoke, vehicle impact, windstorm or hail, vandalism, malicious mischief, leakage or accidental discharge from automatic fire protective system.

    b) Demolition or increased cost of reconstruction, repair, debris removal or loss of use necessitated by the enforcement of any law or ordinance regulating such Materials;

    c) Any governmental direction or request declaring that such Materials present in or part of or utilized on any undamaged portion of the insured's property can no longer be used for the purpose for which it was intended or installed and must be removed or modified.

    The coverage afforded does not apply to payment for the investigation or defense of any loss, damage or any cost, loss of use expense, fine or penalty or for any expense or claim or suit related to any of the above.

4. Debris Removal Exclusion

    The Company will pay the expense within the sum insured to remove debris of insured property damaged or destroyed by an insured peril during the policy term.

    The Company will not pay the expense to:

    a) Extract contaminants or pollutants from the debris; or

    b) Extract contaminants or pollutants from land or water; or

    c) Remove, restore or replace contaminated or polluted land or water; or

PR9015(Ed.01/91)
LX1093

1 of 2

   d)  Remove or transport any property or debris to a site for storage or decontamination required because the property or debris is affected by pollutants or contaminants, whether or not such removal, transport, or decontamination is required by law or regulation.

   It is a condition precedent to recovery under this extension that the Company shall have paid or agreed to pay for direct physical loss or damage to the property insured hereunder and that the Insured shall give written notice to the Company of intent to claim for cost of removal of debris or cost to clean up not later than 180 days after the date of such physical loss or damage.

5. Authorities Exclusion

   Notwithstanding any of the provisions of this policy, the Company shall not be liable for loss, damage, costs, expenses, fines or penalties incurred or sustained by or imposed on the Insured at the order of any Government Agency, Court or other Authority arising from any cause whatsoever.

ALLIED WORLD ASSURANCE COMPANY (US) INC.
Standard Property Conditions

This endorsement effective   06/22/2004         ,forms part of Policy Number   AW1374229

Issued to  WYNN RESORTS L.L.C.

By:  ALLIED WORLD ASSURANCE COMPANY (US) INC. (hereinafter called "the Company").

In consideration of the premium charged, the following clauses are hereby made applicable under this policy.

MINIMUM EARNED PREMIUM CLAUSE

In the event of cancellation of this policy by the Insured, a minimum premium of  $4,109 shall become earned, any provision of the policy to the contrary notwithstanding.

Failure of the Insured to make timely payment of premium shall be considered a request by the Insured for the Company to cancel on the Insured's behalf. In the event of such cancellation for non-payment of premium, the minimum earned premium shall be due and payable; provided, however, such cancellation shall be rescinded if the Insured remits and the Company receives the full policy premium with 10 days after the date of issuance of the cancellation notice. Such remittance and acceptance by the Company shall not effect the minimum earned premium provision of this endorsement. In the event of any other cancellation by the Company, the earned premium shall be computed pro-rata, not subject to the minimum earned premium.

POLICY DEDUCTIBLE

Each claim for loss or damage separately occurring shall be adjusted separately and from each such adjusted claim, the amount of $25,000 shall be deducted. Notwithstanding the foregoing, the deductible amount applying to certain peril(s) insured against by this policy shall be as follows:
$ 25,000 deductible applying to AOP, EXCEPT;
$100,000 deductible applying to EARTHQUAKE
$ 10,000 deductible applying to ELECTRONIC DATA PROCESSING EQUIPMENT & MEDIA, TRANSIT, MACHINERY & EQUIPMENT BREAKDOWN
$         deductible applying to FLOOD -- SEE ENDT#002
24 Hour waiting period qualifier defining the covered event deductible applying to UTILITY SERVICE INTERRUPTION, CIVIL AUTHORITY & INGRESS & EGRESS

In the event of any other insurance covering the property insured hereunder, whether or not concurrent, the deductible(s) specified herein shall apply in full against that portion of any claim for loss or damage which the Company is called upon to pay under the provisions of the Apportionment Clause irrespective of any provisions to the contrary of such other insurance.

CANCELLATION CLAUSE

Except and to the extent of the Minimum Earned Premium Clause which is part of this policy, this clause supersedes other cancellation clauses made a part of this policy.

CANCELLATION: This policy may be cancelled by the Insured by surrender thereof to the Company or by mailing to the Company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the Company by mailing to the Insured, at the mailing address shown in this policy or last known address, written notice, stating when, not less than 30 days thereafter (10 days for non-payment of premium) such cancellation shall be effective. The effectiveness of cancellation is not dependent on the return of unearned premium with the notice. Proof of mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Insured or the Company shall be equivalent to mailing. If the Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company cancels, earned premium shall be computed pro rata. Premium adjustment shall be made as soon as practicable after cancellation becomes effective.

SERVICE OF SUIT CLAUSE

Service of Suit: In the event of failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the Insured, will submit to the jurisdiction of a court of competent jurisdiction within the United States. Nothing in this condition constitutes or should be understood to constitute a waiver of the Company's rights to commence an action in any court of competent jurisdiction in the United States to remove an action to a United States District Court or to seek a transfer of a case to another court as permitted by the laws of the United States or of any state in the United States. It is further agreed that service or process in such suit may be made upon Counsel, Legal Department, Allied World Assurance Company (US) Inc., 100 Summer Street, Boston, Massachusetts, 02110-2103, or his or her representative, and that in any suit instituted against the Company upon this policy, the Company will abide by the final decision of such court or of any appellate court in the event of an appeal.

PR9019 (Ed.01/94)                              1 of 2
LX1101

Further, pursuant to any statute of any state, territory, or district of the United States which makes provision therefor, the Company hereby designates the Superintendent, Commissioner or Director of Insurance, other officer specified for that purpose in the statute, or his successor or successors in office as its true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted by or on behalf of the Insured or any beneficiary hereunder arising out of this policy of insurance and hereby designates the above named Counsel as the person to whom the said officer is authorized to mail such process or a true copy thereof.

## WAR RISK EXCLUSION CLAUSE

The Company shall not be liable for any loss, caused directly or indirectly, by (1) hostile or warlike action in time of peace or war, whether or not declared, including action in hindering, combating or defending against an actual, impending or expected attack (a) by government or sovereign power (dejure or de facio) or by any authority maintaining or using military, naval or air forces; or (b) by military, naval or air forces; or (c) by an agent of any such government, power, authority or force (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war, whether or not its discharge was accidental; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by government authority in hindering, combating, or defending against such an occurrence, seizure or destruction; (4) any consequence of any of the foregoing.

## NUCLEAR EXCLUSION CLAUSE

The Company shall not be liable for loss by nuclear reaction or nuclear radiation or radioactive contamination all whether controlled or not, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against in this policy. If the peril of fire is insured under this policy, then, subject to the foregoing and all provisions of this policy, direct loss by fire resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against by this policy.

## SALVAGE AND RECOVERY CLAUSE

All salvages, recoveries and payments recovered or received either prior or subsequent to a loss settlement under this policy shall be applied as if recovered or received prior to the said settlement and all necessary adjustments shall be made by the parties hereto, including deduction of the Company's cost of recovery or salvage.

## REPORTING CLAUSE

Notwithstanding that the Insured may be obligated to report full values for premium purposes, the Company's maximum limit of liability shall not exceed that amount stated as the policy limit of liability.

## PROOF OF LOSS AND PAYMENT

The Insured shall complete and sign a sworn proof of loss within ninety (90) days after the occurrence of a loss (unless such period be extended by the written agreement of the Company) stating the time, place and cause of loss, the interest of the Insured and of all others in the property, the sound value thereof and the amount of loss or damage thereto, and all other insurance thereon. All adjusted claims shall be due and payable thirty (30) days after the presentation and acceptance of satisfactory proof(s) of loss at the office of the Company at 100 Summer Street, Boston, Massachusetts 02110-2103

## GOVERNMENT ACTIVITY CLAUSE

The Company shall not be liable for loss or damage caused by or resulting from: (1) the seizure or destruction of property insured by this policy by any government body, including any customs or quarantine action, or (2) confiscation or destruction of any property by order of any government or public authority, except an order to destroy property to prevent the spread of fire or explosion.

IN WITNESS HEREOF, we have caused this policy to be executed and attested, but this policy shall not be valid unless countersigned in the Declarations by one of our duly authorized representative.

President