Michael C. Miller
Evan Glassman
Christopher J. Marino
STEPTOE & JOHNSON LLP
750 Seventh Avenue, Suite 1900
New York, New York 10019
Telephone:    212-506-3900

Of Counsel:

Roger E. Warin, Esq.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Telephone:    (202) 429-3000

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| STEVEN WYNN, ELAINE WYNN, WYNN RESORTS LIMITED AND WYNN RESORTS L.L.C. | X : : : | |
| Plaintiffs, | : : : | Civil Action No. 07 CV 7604 (NRB) (MHD) |
| vs. | : : | |
| LEXINGTON INSURANCE COMPANY, and ALLIED WORLD ASSURANCE COMPANY (US) INC., | : : : : | **ANSWER AND ADDITIONAL DEFENSES** |
| Defendants. | : : X | |

Defendants Lexington Insurance Company ("Lexington") and Allied World Assurance

Company (US) Inc. ("AWAC") (collectively, "Defendants" or the "Insurers"), respond to the

Complaint of Plaintiffs Steven Wynn, Elaine Wynn, Wynn Resorts Limited and Wynn Resorts

L.L.C. as set forth below.   The Insurers' response to each paragraph of the Complaint is set forth

in a correspondingly numbered paragraph.   For the sake of clarity, the Insurers have reproduced

in this Answer certain headings set forth in the Complaint. By doing so, the Insurers do not admit the truth or relevance of any such headings.

**INTRODUCTION**

1.      The Insurers admit that they issued certain property insurance policies to Plaintiff Wynn Resorts L.L.C. The Insurers admit that such insurance policies covered losses to a certain apartment located at 817 Fifth Avenue, New York, New York (the "Apartment") and certain personal property therein, resulting from certain specified events. The Insurers also admit that the Plaintiffs pay certain premiums for such policies pursuant to the terms and conditions thereof. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 1 concerning Plaintiffs' motivation to act in any specific way alleged, and therefore deny them. The Insurers deny the remaining allegations of this paragraph.

2.      The Insurers deny the allegations of this paragraph to the extent that Plaintiffs allege that the Insurers, "in bad faith and without justification or excuse, purported to limit their obligations to indemnify Plaintiffs to a mere fraction of the actual cost of restoring the apartment to its pre-flood condition and related extra expenses" and, by way of further response, aver that a large portion of the "actual cost" claimed by Plaintiffs derive from a complete remodel of the insured property, not resulting from the water damage. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 2 and therefore deny them.

**THE PARTIES**

3.      The Insurers are without knowledge or information sufficient to form a basis as to the truth of the allegations of Paragraph 3 and therefore deny them.

Doc. # NY-11985 v.1

4.      The Insurers are without knowledge or information sufficient to form a basis as to the truth of the allegations of Paragraph 4 and therefore deny them.

5.      The Insurers admit that Lexington is a corporation organized under the laws of Delaware maintaining administrative offices at 100 Summer Street, Boston, Massachusetts. By way of further response, such address constitutes Lexington's principal place of business. The Insurers deny the remaining allegations of this paragraph.

6.      The Insurers deny the allegations of this paragraph to the extent that Plaintiffs allege that AWAC "is a Bermuda corporation maintaining its corporate headquarters at 27 Richmond Road, Pembroke HM 08, Bermuda...." By way of further response, the Insurers note that AWAC is a corporation organized under the laws of the State of Delaware with its principal place of business located at 225 Franklin Street, 27th Floor, Boston, Massachusetts 02110.

7.      Lexington admits that it provided certain coverage over certain risks related to the Apartment pursuant to the Policy and respectfully refer to the language contained therein.

8.      AWAC admits that it provided certain coverage over certain risks related to the Apartment pursuant to the Policy and respectfully refer to the language contained therein.

9.      The Insurers admit that they were provided with a statement of values. However, the Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 9 and therefore deny them.

## STATEMENT OF FACTS

### THE POLICIES

10.     The Insurers admit that Lexington issued an "All Risk Including Flood" insurance policy bearing number 1374229. The Insurers deny that such policy was issued to Wynn Ltd. and, by way of further response, aver that the policy was issued to Wynn Resorts L.L.C.

11.     Admitted.

12.    The Insurers are without knowledge or information sufficient to form a basis as to the truth of the allegations of Paragraph 12 to the extent that Plaintiffs allege that the "Policies were delivered to Nevada, where the primary insureds are principally located" and therefore deny them. The Insurers admit the remaining allegations.

13.    Denied.

14.    The Insurers admit that premiums were paid on the insurance policies and, by way of further response, aver that such premiums may have been invested. The Insurers deny that they had no intention of paying the full amount of coverage owed under the Policies. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 14 and therefore deny them.

**THE FLOOD**

15.    Upon information and belief, the Insurers admit that a water pipe in the ceiling of the Apartment burst, and the Apartment sustained damage due to water on or about December 29, 2004. The Insurers deny the remaining allegations.

16.    The Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 16 and therefore deny them.

17.    Paragraph 17 of the Complaint states a legal conclusion as to which no response is required.

**Defendants' Wrongful Denial of the Claim**

18.    The Insurers admit that Plaintiffs submitted documentary evidence of certain purported out-of-pocket costs, but deny that such evidence supported a claim for approximately $4 million, even assuming, *arguendo*, that the submitted expenses related to the event giving rise to this claim. Plaintiffs' allegation that they intend to demonstrate damages at trial is a statement of future intent not warranting a response. The Insurers are without knowledge or information

sufficient to form a basis as to the truth of the remaining allegations of Paragraph 18 and therefore deny them.

    19.    Denied.

    20.    The Insurers deny that they have engaged in any improper or fraudulent conduct. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 20 and therefore deny them.

    21.    The Insurers admit that Plaintiffs have brought this action for relief. The Insurers deny the remaining allegations in Paragraph 21.

### AS FOR THE FIRST CAUSE OF ACTION
(Breach of Contract by Defendants)

    22.    The Insurers repeat and incorporate by reference their responses to paragraphs 1-21 as if fully set forth herein.

    23.    The Insurers admit that the Policies cover certain losses to the Apartment, certain contents and certain expenses incurred resulting from certain causes pursuant to the Policies and respectfully refer to the language contained therein. The Insurers deny the allegations in Paragraph 23 to the extent that Plaintiffs allege that all expenditures evidenced by the documentary evidence provided fall within the scope of damage resulting from the water leak.

    24.    Denied.

    25.    The Insurers admit that all premiums were paid, but deny and/or are without information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 26 and therefore deny them.

    26.    The Insurers admit that they have paid $208,705.61, and aver that an additional $602,001.11 has been paid as well. The Insurers deny that such amount represents 5% of Plaintiffs' purported "demonstrated Costs" and, by way of further response, aver that Plaintiffs'

Doc. # NY-11985 v.1

"detailed proof of loss" does not support a claim for approximately $4 million, even assuming, *arguendo*, that such "detailed proof of loss" related to the event giving rise to this claim. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 26 and therefore deny them.

 27. Denied.

 28. The Insurers admit that they had certain obligations under the Policies and respectfully refer to the language contained therein.  Insurers further admit that they retained an adjuster to assess Plaintiffs' claims.  The Insurers deny that they instructed the adjuster to act in any way inconsistent with their obligations under the Policies with regard to Plaintiffs' claims, that they failed to act in any other way pursuant to their obligations under the Policies and that Plaintiffs' purported damages "were supported by documentary evidence." The remaining allegations of Paragraph 28 of the Complaint state legal conclusions as to which no response is required.

 29. Denied.

 30. The allegations in Paragraph 30 of the Complaint concerning direct and proximate causation and "wrongful" breach of contract state legal conclusions as to which no response is required.  The Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 30 and therefore deny them.

 31. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the allegations of Paragraph 31 and therefore deny them.  By way of further response, the Insurers aver that Plaintiffs' have failed to justify a claim up to or exceeding $3.9 million, even assuming, *arguendo*, that Plaintiffs' submission of purported expenses related to the event giving rise to this claim.

## AS FOR THE SECOND CAUSE OF ACTION
(Fraud by Defendants)

32.     The Insurers repeat and incorporate by reference their responses to paragraphs 1-31 as if fully set forth herein.

33.     The Insurers admit and aver that they covered certain risks associated with certain causes pursuant to the Policies and respectfully refer to the language contained therein, but deny the remaining allegations contained in Paragraph 33.

34.     The Insurers admit and aver that they implement fair and prompt procedures for assessing and paying claims under the Policies, but deny the remaining allegations in Paragraph 34.

35.     The Insurers admit that they implement fair and prompt procedures for payment of claims, but deny the remaining allegations in Paragraph 35.

36.     Paragraph 36 of the Complaint states a legal conclusion as to which no response is required. To the extent this paragraph is interpreted to assert facts as to the actions and intent of the Insurers, those assertions are denied. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 36 and therefore deny them.

37.     The allegations in Paragraph 37 of the Complaint concerning Plaintiffs' reliance state legal conclusions as to which no response is required. To the extent this paragraph is interpreted to assert facts as to the actions and intent of the Insurers, those assertions are denied. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 37 and therefore deny them.

38.     The Insurers deny Plaintiffs' allegations that they have made any misrepresentations about the extent of coverage or any other information and that their

Doc. # NY-11985 v.1

assessment procedures are unfair. To the extent this paragraph is interpreted to assert facts as to the actions and intent of the Insurers, those assertions are denied. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the remaining allegations of Paragraph 38 and therefore deny them.

39.    The Insurers are without knowledge or information sufficient to form a basis as to the truth of the allegations of Paragraph 39 and therefore deny them.

<u>AS FOR THE THIRD CAUSE OF ACTION</u>
(Nevada Declaratory Judgments Act, N.R.S. § 30.010, *et seq.*)

40.    The Insurers repeat and incorporate by reference their responses to paragraphs 1-39 as if fully set forth herein.

41.    Paragraph 41 of the Complaint states a legal conclusion as to which no response is required.

42.    Paragraph 42 of the Complaint states a legal conclusion as to which no response is required.

43.    The Insurers are without knowledge or information sufficient to form a basis as to the truth of the allegations of Paragraph 43 and therefore deny them.

44.    Paragraph 44 of the Complaint states a legal conclusion as to which no response is required.

45.    The Insurers deny that they have in any way refused to provide insurance coverage for the Plaintiffs' claim under the Policies. The Insurers are without knowledge or information sufficient to form a basis as to the truth of the allegations of Paragraph 45 regarding whether Plaintiffs have suffered any harm and therefore deny them. The remaining allegations of Paragraph 45 state legal conclusions as to which no response is required.

Doc. # NY-11985 v.1

## AS FOR THE FOURTH CAUSE OF ACTION
(Nevada Unfair Insurance Practices Act, N.R.S. § 686A.010, *et seq.*)

46. The Insurers repeat and incorporate by reference their responses to paragraphs 1-45 as if fully set forth herein.

47. The Insurers admit and aver that they provided insurance coverage for certain covered losses under the Policies and respectfully refer to the language contained therein, but deny the allegations in Paragraph 47 to the extent they encompass any obligations over and above those set forth in the Policies.

48. Paragraph 48 of the Complaint states a legal conclusion as to which no response is required.

49. The allegations in Paragraph 49 that the Insurers violated the provisions of NUIPA state a legal conclusion as to which no response is required. The Insurers deny the remaining allegations of Paragraph 49.

50. Paragraph 50 of the Complaint states a legal conclusion as to which no response is required.

Doc. # NY-11985 v.1

## ADDITIONAL DEFENSES

As separate and additional defenses to the Complaint and the purported causes of action therein, but without assuming the burden of proof with regard to these defenses, the Insurers allege as follows:

### FIRST ADDITIONAL DEFENSE

To the extent that Plaintiffs' claims concern a disagreement over the value of property or the amount of loss, Plaintiffs' claims are inappropriate given the fact that the Insurers have demanded, and Plaintiffs therefore are bound, to submit such dispute to a binding appraisal pursuant to Paragraph E.2. of the Building and Personal Property Coverage Form of the Policies.

### SECOND ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### THIRD ADDITIONAL DEFENSE

The Complaint improperly seeks relief under inapplicable Nevada Law, including, *inter alia*, Plaintiffs' Fourth Cause of Action pursuant to the Nevada Unfair Insurance Practices Act, for which there is no such private right of action under the analogous New York Insurance Law statutes.

### FOURTH ADDITIONAL DEFENSE

Some or all of the claims against the Insurers may be barred by the doctrines of laches, and/or estoppel.

### FIFTH ADDITIONAL DEFENSE

The claims are barred to the extent that Plaintiffs failed to disclose, concealed, or misrepresented material facts at the time coverage under the policies was negotiated, placed, purchased, renewed, or when premiums were adjusted.  Such facts included, but are not limited to, facts relating to the property to be insured and its value and the condition of the property.

Doc. # NY-11985 v.1

## SIXTH ADDITIONAL DEFENSE

The claims are barred or otherwise limited to the extent that Plaintiffs have failed to mitigate their alleged damages with respect to the claims described in the Complaint.

## SEVENTH ADDITIONAL DEFENSE

To the extent that Plaintiffs seek coverage for loss or damage caused by, arising out of, or resulting from fungus, molds, mildew or yeast; or any spores or toxins created or produced by or emanating from such fungi, molds, mildew or yeast, the Insurers have no duty to provide such coverage pursuant to Endorsement #007 of the Policies.

## EIGHTH ADDITIONAL DEFENSE

The Insurers' obligations, if any, to Plaintiffs are limited by the Occurrence Limit of Liability section and associated Property Statement of Values included in each policy, which collectively provide for a coverage limit of $1,614,000 for the building and $468,000 for the apartment's contents.

## NINTH ADDITIONAL DEFENSE

The Insurers allege that to the extent the Complaint seeks equitable relief, any inequitable conduct on the Plaintiffs' part would constitute unclean hands and therefore bar the granting of relief to Plaintiff herein.

## TENTH ADDITIONAL DEFENSE

Any duty to reimburse Plaintiffs must be offset or reduced to take into account amounts Plaintiffs have received from other insurers or other third parties for the loss at issue, and coverage available under other policies of insurance.

Doc. # NY-11985 v.1

### ELEVENTH ADDITIONAL DEFENSE

Any duty to reimburse Plaintiffs is subject to the applicable deductions set forth in the Policies, including, but not limited to the $100,000.00 deductible for flood events detailed in Endorsement #002 to the Policies.

### TWELFTH ADDITIONAL DEFENSE

Some of the amounts claimed by the Plaintiffs were for new remodeling of the Apartment wholly unrelated to the damage allegedly caused by water.

### THIRTEENTH ADDITIONAL DEFENSE

The Insurers allege that the Complaint fails to join indispensable parties.

### FOURTEENTH ADDITIONAL DEFENSE

The Insurers are informed and believe and on such information and belief allege, that Plaintiffs were engaged in conduct that constitutes a waiver of their rights under the contract alleged in the Complaint. By reason of said waiver, the Insurers are excused from further performance of the obligations under the alleged contract.

### FIFTEENTH ADDITIONAL DEFENSE

The Insurers reserve the right to assert all affirmative defenses available under any applicable federal and state law, and to assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

### SIXTEENTH ADDITIONAL DEFENSE

The Insurers presently have insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to the Insurers, and therefore reserve the right to assert any and all additional defenses in the event that discovery indicates that such defenses would be appropriate.

Doc. # NY-11985 v.1

## SEVENTEENTH ADDITIONAL DEFENSE

The Insurers expressly reserve the right to amend and/or supplement their answer, defenses and all other pleadings.

WHEREFORE, the Insurers pray for judgment against Plaintiffs on all counts, and for entry of an order as follows:

1. Dismissing the Complaint with prejudice;

2. Denying all relief sought by Plaintiff in the Complaint;

3. Awarding the Insurers its reasonable attorneys' fees and costs;

4. Providing such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: New York, New York
      January 30, 2008

STEPTOE & JOHNSON LLP

By: _Evan Glassman_
      Michael C. Miller
      Evan Glassman
      Christopher J. Marino
      750 Seventh Avenue, Suite 1900
      New York, NY 10019
      (212) 506-3900

*Attorneys for Defendants*
*Lexington Insurance Company and*
*Allied World Assurance Company*
*(US) Inc.*

*Of Counsel:*
Roger E. Warin, Esq.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:    (202) 429-3000
Facsimile:    (202) 429-3902

Doc. # NY-11985 v.1

## CERTIFICATE OF SERVICE

I do hereby certify that on this 30th day of January 2008, I served a copy of the foregoing **Answer and Additional Defenses** on Stuart P. Slotnick, Esq., counsel for Plaintiffs in the above-captioned matter via electronic mail and Federal Express.

Kimberlyn Brzozowski

- 14 -