UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
STEVEN WYNN, ELAINE WYNN,
WYNN RESORTS LIMITED AND
WYNN RESORTS L.L.C.

                  Plaintiffs,

    vs.

LEXINGTON INSURANCE COMPANY, and
ALLIED WORLD ASSURANCE COMPANY (US)
INC.,

                  Defendants.
---------------------------------------------------------------X

07 CV 7604 (NRB) (MHD)

## DECLARATION OF CHRISTOPHER J. MARINO
## IN SUPPORT OF DEFENDANTS' MOTION
## TO COMPEL APPRAISAL AND TO STAY PENDING ACTION

CHRISTOPHER J. MARINO, an attorney duly admitted to practice law before this Court, affirms the truth of the following under the penalty of perjury:

1. I am associated with the law firm of Steptoe & Johnson LLP, counsel to Defendants Lexington Insurance Company ("Lexington") and Allied World Assurance Company (US) Inc. ("AWAC"; collectively the "Insurers" or "Defendants") in this action.

2. I am submitting this declaration in support of Defendants' Motion to Compel Appraisal and to Stay the Pending Action (the "Appraisal Motion").

3. I am fully familiar with all of the facts and circumstances attested to herein.

4. The statements contained in this Declaration are based on information contained in the documents to which reference is made and information that has been provided to me by parties with first-hand knowledge.

5. On or about January 2, 2005, James E. Podesva, RPA, Executive General Adjuster for York Claims Service, Inc. ("York"), issued a Memorandum to the Plaintiffs' Claim File (the "Inspection Memo"), detailing his inspection of the 7th Floor Apartment at 817 5th Avenue, New York, New York (the "Subject Apartment") and providing an assessment of certain water damage therein. A true and correct copy of the Inspection Memo is attached hereto as Exhibit A.

6. On or about March 16, 2005, Podesva issued York's Second Report to Jon Wanczyk at AIG Technical Services (the "Second Report"). Enclosure 4 thereto, a Demolition and Project Repair Cost Estimate prepared by Plaintiffs' contractor, Tishman, sets forth an estimate of the demolition and project repair costs for the Subject Apartment including, *inter alia*, "Reconstruction Costs." A true and correct copy of the Second Report, along with Enclosure 4 thereto, is attached hereto as Exhibit B.

7. In a letter dated April 8, 2005, Podesva submitted a proposed adjustment of the water damage claim totaling $217,879.95 (the "Proposed Adjustment Letter") representing the replacement cost value of the damage and enclosed a spreadsheet analysis of the claim as support for the adjustment proposal. A true and correct copy of the Proposed Adjustment Letter, along with its enclosure, is attached hereto as Exhibit C.

8. On or about July 8, 2005, Podesva issued York's Fifth Report to Mr. Wanczyk, (the "Fifth Report") detailing the total amounts paid to Plaintiffs up to that date and enclosed executed proof of loss statements. A true and correct copy of the Fifth Report, along with all enclosures, is attached hereto as Exhibit D.

9. On or about March 2, 2006, Podesva indicated in a letter to Linda Young, the Wynn Resorts Insurance Manager, that, if Plaintiffs did not provide additional information regarding replacement costs within thirty (30) days, the Insurers would close their file under the

assumption that Plaintiffs did not wish to pursue the matter. A true and correct copy of the March 2, 2006 Podesva Letter is attached hereto as Exhibit E.

10. In an email dated July 7, 2005, Young indicated to Podesva that "all work with regard to the water damage is complete" and "[t]he apartment is in the middle of the renovation not related to the claim." A true and correct copy of the July 7, 2005 Young Email is attached hereto as Exhibit F.

11. In a letter to Podesva dated March 17, 2006, Barry I. Slotnick, Esq., counsel to Plaintiffs in this action, requested, *inter alia*, that the Defendants not close the claim file because the Plaintiffs would be making a supplemental submission. A true and correct copy of the March 17, 2006 Slotnick Letter is attached hereto as Exhibit G.

12. Podesva responded to the March 17, 2006 Slotnick Letter by letter dated April 6, 2006. Podesva indicated that the Defendants would keep the claim file open until May 1, 2006. A true and correct copy of the April 6, 2006 Podesva Letter is attached hereto as Exhibit H.

13. In a letter dated June 12, 2006, Mr. Slotnick submitted a supplemental water damage claim requesting an additional $3,360,864.34 to settle the claim. A true and correct copy of the June 12, 2006 Slotnick Letter is attached hereto without enclosures as Exhibit I

14. In a letter dated October 9, 2006, Podesva requested that Slotnick forward several categories of documents to assist him with the review of Plaintiffs' supplemental claim. A true and correct copy of the October 9, 2006 Podesva Letter is attached hereto as Exhibit J

15. Under cover dated March 14, 2007 – over five months after Podesva's request – Stuart P. Slotnick, counsel to Plaintiffs, forwarded to Podesva additional documents purportedly in support of Plaintiffs' supplemental claim. A true and correct copy of the March 14, 2007 Cover Letter is attached hereto as Exhibit K

16. Under cover dated April 26, 2007, Stuart Slotnick forwarded an additional set of documents that purportedly supported Plaintiffs' supplemental claim. A true and correct copy of the April 26, 2007 Cover Letter is attached hereto as Exhibit L

17. In a letter dated July 13, 2007, Frederic R. Mindlin, Esq., coverage counsel to Defendants indicated to Stuart Slotnick that Defendants were prepared to make an additional payment of $592,786.75 based on Plaintiffs' supplemental submission and to also remit a depreciation holdback in the amount of $9,214.35. These additional amounts brought Plaintiffs total recovery for the water damage to $810,666.71. A true and correct copy the July 13, 2007 Mindlin Letter without enclosures is attached hereto as Exhibit M

18. Ultimately, on or about October 3, 2007, Plaintiffs executed Sworn Statements in Proof of Loss reflecting such additional sums and, upon information and belief, the additional monies were subsequently paid. True and correct copies of the October 3, 2007 Statements in Proof of Loss are attached hereto as Exhibit N

19. By way of letter dated October 15, 2007 (the "Appraisal Demand Letter"), this Firm demanded on behalf of Defendants that the dispute giving rise to this action be submitted to an appraisal panel pursuant to the terms of the relevant insurance policies. A true and correct copy of the Appraisal Demand Letter is attached hereto as Exhibit O

20. By way of letter dated February 29, 2008, this Firm requested, on behalf of the Defendants, that the Court schedule a pre-motion conference concerning the present motion. A true and correct of the February 29, 2008 Motion Request Letter is attached hereto as Exhibit P.

Dated: May 9, 2008
      New York, New York

                                          /s Christopher J. Marino

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served upon the parties listed below by electronic mail and Federal Express on May 9, 2008, a true and correct copy of the annexed Declaration of Christopher J. Marino with exhibits.

/s Kimberlyn Brzozowski

Stuart P. Slotnick, Esq.
Buchanan Ingersoll &
 Rooney PC
New York Times Building
620 8th Avenue, 23rd Floor
New York, NY 10018