# EXHIBIT E



**YORK CLAIMS SERVICE, INC.**
340 Broadway
Saratoga Springs, NY 12866
Tel: (973) 404-1075
Fax: (518) 226-6042
Jim.Podesva@york-claims.com
www.yorkisg.com

March 2, 2006, 2006

The strength of York
Experience, Leadership, and Integrity

**VIA ELECTONIC MAIL:**
Linda.Young@wynnlasvegas.com

Ms. Linda Young
Risk Manager
Wynn Resorts International
Las Vegas, NV

 RE:  **Wynn Resorts International**
  **817 5th Avenue, NY,NY**
  **Water Damage 12/29/04**

Dear Ms. Young:

I am writing to follow up on the status of the claim submission for the additional damage at the New York City apartment. In addition, the carriers have asked me to inquire regarding the status of the replacement cost claim for the withheld depreciation.

I have also been instructed to notify you that if the carriers do not receive the requested information within 30 days, they will assume that you do not wish to pursue this matter and they will close their file.

In the meantime, this letter is not intended to waive any of the terms, provisions, or conditions of the insurance policy. Neither is it intended to waive any of the carrier's rights or defenses under the policy or at law.

Sincerely,

JAMES E. PODESVA RPA

cc. P. Mcginley, Willis, by electronic mail.

# EXHIBIT F

## Podesva, Jim

| | |
|---|---|
| **From:** | Young, Linda [Linda.Young@wynnlasvegas.com] |
| **Sent:** | Thursday, July 07, 2005 12:52 PM |
| **To:** | Podesva, Jim; Patrick McGinley |
| **Cc:** | Wanczyk, Jon |
| **Subject:** | RE: Replacement cost holdback |

Jim, to reiterate once again, all work with regard to the water damage is complete.  The apartment is in the middle of the renovation not related to the claim. This has been communicated to you on several occassions.  With regar to invoices, you need to contact Tishman construction, as they are waiting to get paid.  The Wynn's have not invoices.

As you can imagine, I am most anxious to receive the rest of the funds.  Please let me know how I can assist further.

thank you.

Linda Young - Insurance Manager
p. 702.733.4811 / f. 702.697.5056
linda.young@wynnresorts.com

-----Original Message-----
**From:** Podesva, Jim [mailto:Jim.Podesva@york-claims.com]
**Sent:** Thursday, July 07, 2005 9:06 AM
**To:** Young, Linda; Patrick McGinley
**Cc:** Wanczyk, Jon; Podesva, Jim
**Subject:** Replacement cost holdback

Linda and Sean,
Pat McGinley just rang to let me now that the water damage repairs have been finished. He wanted me to let you know what information is needed to conclude the replacement cost claim to release the depreciation holdback.  He also asked about the status of the reinspection.
The reinspection we discussed a few weeks ago was part of AIG quality assurance program, and was not tied to the settlement of the claim.  The person performing the reinspection has been working on other matters, and I have not heard from him in some time.  I will call him today to see if he still wants to see the property.  He may change his mind after he learns that the repairs are completed.
As for the replacement cost claim, I will need to document that the work performed exceeds the amount of the agreed replacement cost claim, which was $208,665.61. Usually, the insurers want to see copies of paid invoices that support these amounts.  In addition, the insurers usually request a reinspection of the property (this is different from the Quality Assurance reinspection discussed above) to confirm the repairs were completed, and I will check with AIG to see if they will need that done to release the holdback of $9,214.34.
Please let me know if the invoices are available and I will let you know once I have received additional instructions from AIG.

7/8/2005

JEP
James E. Podesva, RPA
York Insurance Services, Inc.
Specialized Loss Adjusting Division
125 High Rock Avenue
Saratoga Springs, NY 12866
518-306-3730

CONFIDENTIALITY NOTICE:  This message is intended to be viewed only by the listed recipient(s).  It may
contain information that is privileged, confidential and exempt from disclosure under applicable law.
Any dissemination, distribution or copying of this message is strictly prohibited without our prior
permission.  If you are not the intended recipient, or if you have received this communication in error,
please notify us immediately by return e-mail and delete the original message and any copies.


CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only b
or entity to whom it is addressed. It may contain information that is privilege
and exempt from disclosure under applicable law. Any dissemination, distributio
this communication is strictly prohibited without our prior permission. If the
message is not the intended recipient, or the employee or agent responsible for
message to the intended recipient, or if you have received this communication i
notify us immediately by return e-mail and delete the original message and any
your computer system.

# EXHIBIT G

# Buchanan Ingersoll PC
### ATTORNEYS

One Chase Manhattan Plaza
35th Floor
New York, NY 10005-1417

Barry I. Slotnick
212-440-4400
Slotnickbi@bipc.com

T  212 440 4400
F  212 440 4401

www.buchananingersoll.com

March 17, 2006

**VIA OVERNIGHT**

Mr. James E. Podesva
York Claims Services
340 Broadway
Saratoga Springs, NY 12866

Re:  Wynn Resorts International
817 5th Avenue, NY, NY
Water Damage 12/29/04

Dear Mr. Podesva,

We represent Mr. and Mrs. Steven Wynn in the above referenced matter. We are in receipt of your letter to Ms. Linda Young dated March 2, 2006 regarding the status of the above-referenced claim. Please do not close your file as Mr. and Mrs. Wynn will provide a supplemental submission shortly. Please re-issue any previous checks to Mr. and Mrs. Wynn, as such checks will be considered partial payment of such amounts due and may, at Mr. and Mrs. Wynn's option, be accepted and applied to a final settlement amount, to be mutually agreed upon by all parties at a future date. If so accepted, such partial payment shall be without waiver of or prejudice to any rights or remedies available to Mr. and Mrs. Wynn under the insurance policies or by law. Please feel free to call me to discuss this matter further. Thank you.

Very truly yours,

Barry I. Slotnick

cc: Patrick McGinley

#322103-v1  Pennsylvania :: New York :: Washington, DC :: Florida :: New Jersey :: Delaware :: California

# EXHIBIT H



YORK CLAIMS SERVICE, INC.
340 Broadway
Saratoga Springs, NY 12866
Tel: (973) 404-1075
Fax: (518) 226-6042
Jim.Podesva@york-claims.com
www.yorkisg.com

The strength of York
Experience, Leadership, and Integrity

April 6, 2006

Mr. Barry I. Slotnick
Buchanan Ingersoll PC
1 Chase Manhattan Plaza
35th Floor
New York, NY  10005-1417

Re:    **Wynn Resorts International**
       **817 5th Avenue, NY, NY**
       **Water Damage of 12/29/04**
       **York Claim No. SLA-0151A9**

Dear Mr. Slotnick:

Thank you for your letter of March 17, 2006.  I also would like to confirm that the original checks were sent to me by Ms. Linda Young.   I have sent those to the carrier so they can be reissued.

I have also been asked to inform you that the carrier will keep their file open until May 1, 2006.  If the supplemental submission you mentioned in your March 17th letter is not received by that time, the carrier will close their file.

Nothing in this letter is intended to waive or modify any of the policy terms, conditions, or provisions.

 Please call me should you have any questions.

Sincerely,

James E. Podesva, RPA

jep/cd

# EXHIBIT I

FOR SETTLEMENT PURPOSES ON

# Buchanan Ingersoll PC

ATTORNEYS
Barry I. Slotnick
212-440-4444
slotnickbi@bipc.com

One Chase Manhattan Plaza
35th Floor
New York, NY 10005-1417

T  212 440 4400
F  212 440 4401
www.buchananingersoll.com

June 12, 2006

**VIA UPS OVERNIGHT MAIL**
Mr. James E. Podesva
York Claims Services
340 Broadway
Saratoga Springs, NY 12866

Re:    Wynn Resorts International
       817 5th Avenue, NY, NY
       Water Damage 12/29/04

Dear Mr. Podesva,

        We represent Mr. and Mrs. Steven Wynn in the above referenced matter. As discussed in our correspondence dated March 17, 2006, we hereby submit this claim and supporting documentation on behalf of Mr. and Mrs. Wynn in the amount of          . This amount represents construction costs, furniture replacement and professional fees associated with the work performed on the Wynn's residence as a result of the events of December 29, 2004. The chart below shows the total amount of work done and the amount requested by Mr. and Mrs. Wynn.

|  | Total Costs | Requested |
|---|---|---|
| A. Loffredo Brooks Architects P.C. | | |
| B. Immediate remedial work by Tishman | **REDACTED** | |
| C. Vadco Contracting Corporation | | |
| D. PAL Environmental Safety Corp. | | |
| Total | | |
| Amount paid to Wynn | -$116,183.84 | |
| Amount Paid to Tishman | -$82,521.77 | |
| Deductible | -$10,000.00 | |
| Total Amount paid by York inclusive of deductible | $208,705.61 | |
| Total amount requested for settlement | **REDACTED** | |

Pennsylvania :: New York :: Washington, DC :: Florida :: New Jersey :: Delaware :: California

FOR SETTLEMENT PURPOSES ON

Attached hereto as Exhibit A are invoices reflecting the construction performed by Loffredo Brooks Architects P.C. including expenses associated with the removal and replacement of furniture. Attached hereto as Exhibit B is a copy of the letter sent by York on April 8, 2005 and the supporting documentation for York's adjustments for the immediate remedial work performed by Tishman. Many of the adjustments were made with no concrete explanation and suggest that the water damage and all subsequent damage directly connected to the flood, was only limited to certain areas of the apartment and a certain square footage of carpet. This is untrue, as the damage and other hazardous effects resulting from the flood affected the entire residence. In addition, the damage to the carpet resulting from the flood required the entire carpet to be replaced, as the carpet cleaning did not remove all pollutants and did not remedy the resulting carpet discoloration. Attached hereto as Exhibit C is the invoice of PAL Environmental Safety Corp. for asbestos remediation. Attached hereto as Exhibit D is the invoice of Vadco Contracting Services in connection with the apartment remediation. Attached hereto as Exhibit E are pictures of the damage to Mr. Wynn's apartment that were previously sent to you under separate cover by Tishman

We look forward to an amicable resolution of this matter. As always, please feel free to call me to discuss this matter further. Thank you.

Very truly yours,

Barry I. Slotnick

cc:    Patrick McGinley
       Linda Young

2

# EXHIBIT J



**YORK CLAIMS SERVICE, INC.**
340 Broadway
Saratoga Springs, NY 12866
Tel: (973) 404-1075
Fax: (518) 226-6042
Jim.Podesva@york-claims.com
www.yorkisg.com

The strength of York
Experience, Leadership, and Integrity

By Fax and Regular Mail

October 9, 2006

Mr. Stuart Slotnick
Buchanan Ingersoll PC
1 Chase Manhattan Plaza
35th Floor
New York, NY   10005-1417

> Re:   **Wynn Resorts International**
>       **817 5th Avenue, NY, NY**
>       **Water Damage of 12/29/04**
>       **York Claim No. SLA-0151A9**

Dear Mr. Slotnick:

It was a pleasure to meet you last week. Thank you for arranging a conference with the contractor and architect who completed the work at the Wynn apartment. During this meeting, I identified several documents that would assist me with the review of the supplemental claim submission. These documents include the following:

- A complete list of all payments made in connection with the work (including the work by Tishman and Richter + Ratner) at the apartment after the water damage of December 29, 2004. It will be helpful if this information can be provided in an excel spreadsheet. I will review the information on the spreadsheet and identify any copies of any of the actual invoices that might be needed.

- A complete copy of the "project book" referred to by the architects. I understand that this project book included a scope of work with all subcontractor bids that were received before the contracts on this job were awarded.

- A copy of all contracts, including subcontracts awarded for the work at the apartment.

- A complete copy of the architect's plans and scope of work used to prepare the subcontractor bids. Please include any supplemental plans, change orders, job correspondence, or as built drawings that may exist explaining any changes made to the project after the contracts were awarded.

- Please provide dates for the following events:

Mr. Barry Slotnick
October 9, 2006
Page 2 of 2

- o   the date Tishman began and completed the "temporary repairs"
- o   the date that Lofferedo - Brooks were retained
- o   the date that design specifications began
- o   the date design specifications were concluded and approved by the Wynn's
- o   the date subcontractor bids were solicited
- o   the dated bids were awarded
- o   the date permits were filed
- o   the dates construction began
- o   the date construction ended

- •   Please include any information (including available photographs) of any damage found by Lofferedo Brooks or Richter + Ratner while the carried out their surveys, fieldwork, or the actual project demolition or reconstruction.

Although we did not discuss this, I would also like to request some specific information about Tishman Construction. Could you please send me copies of all correspondence with Tishman Construction concerning their assessment of the water damage at the apartment?

Please let me know if you have any questions about the information included in this list. Nothing in this letter is intended to waive or modify the terms or conditions of the policy.

Sincerely,

James E. Podesva

James E. Podesva, RPA

# EXHIBIT K

# Buchanan Ingersoll & Rooney PC
### Attorneys & Government Relations Professionals

**Stuart P. Slotnick**
212 440 4435
stuart.slotnick@bipc.com

One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417
T 212 440 4400
F 212 440 4401
www.buchananingersoll.com

March 14, 2007

**VIA UPS OVERNIGHT MAIL**
Mr. James E. Podesva
Executive General Adjuster
York Claims Service, Inc.
340 Broadway
Saratoga Springs, NY 12866
Tel. (973) 404-1076
Fax. (518)226-6042

   *Re:*   *Steven WynnWYNN – Water Damage*

Dear Mr. Podevsa:

   In furtherance of our continued discussion, enclosed please find documents bates stamped WYNN 000001 – WYNN 000395.

   I look forward to speaking to you upon your review of the enclosed documents.

   Sincerely,

   Stuart P. Slotnick

SPS/am
Enclosure

New York :: Washington, DC :: Pennsylvania :: Virginia :: Florida :: New Jersey :: Delaware :: Ohio :: California

#363674-v2;SLOTNIC2
Pennsylvania :: New York :: Washington, DC :: Virginia :: Florida :: New Jersey :: Delaware :: Ohio :: California

# EXHIBIT L

# Buchanan Ingersoll ∧ Rooney PC
### Attorneys & Government Relations Professionals

Stuart P. Slotnick
212 440 4435
stuart.slotnick@bipc.com

One Chase Manhattan Plaza, 35th Floor
New York, NY  10005-1417
T 212 440 4400
F 212 440 4401
www.buchananingersoll.com

April 26, 2007

**VIA UPS OVERNIGHT MAIL**
Mr. James E. Podesva
Executive General Adjuster
York Claims Service, Inc.
340 Broadway
Saratoga Springs, NY 12866
Tel. (973) 404-1076
Fax. (518)226-6042

Re:    *Wynn Resorts Internationsal*
       *817 5th Avenue, New York, NY*
       *Water Damage of 12/29/04*
       *York Claim No. SLA-0151A9*

Dear Mr. Podevsa:

In furtherance of our continued discussion, enclosed please find documents bates stamped WYNN 000396 - WYNN 000698.  Please note, as we discussed in our office, all amounts expended on Mr. Wynn's apartment, that are reflected in all documents produced, are included in Mr. Wynn's claim and should be incorporated by reference.

I would suggest that we schedule a conference call in the next week to discuss the status of this matter.

I look forward to speaking to you upon your review of the enclosed documents.

Sincerely,

Stuart P. Slotnick

SPS/am
Enclosures

cc:    Barry Slotnick, Esq.

# EXHIBIT M

**WHITE FLEISCHNER & FINO, LLP**
WWW.WFF-LAW.COM

140 Broadway, New York City, NY 10005
Tel. 212-487-9700    Fax. 212-487-9777

| HOLMDEL | WHITE PLAINS | GARDEN CITY | PHILADELPHIA | LONDON |

CONFIDENTIAL COMMUNICATION : ALL RIGHTS AND PRIVILEGES RESERVED

July 13, 2007

**VIA EMAIL**

Stuart P. Slotnick, Esq.
Buchanan Ingersoll & Rooney PC
1 Chase Manhattan Plaza, 35th Floor
New York, New York 10005

> Re:    Insured:  Wynn Resorts, LLC
> Insurers: Lexington Insurance Co. (75%) and
>                 Allied World Assurance Co. (25%)
> DOL:  December 29, 2004
> Lexington Insurance Claim No.: 421-004208
> AWAC Claim No.: 648-007687
> York File No.: SLA-0151A9
> Our File No.: 104-11459-1CM-FRM
> Handling Attorney:  Frederic R. Mindlin

Dear Mr. Stuart:

As we advised in our telephone conversation this morning, our clients, Allied World Assurance Company and Lexington Insurance Company, have considered carefully the additional claim submission made by your clients in connection with the captioned water damage loss. Based upon that review, the insurers are prepared to make a further payment ($592,786.75) in connection with matching carpet and wall coverings as detailed in the accompanying schedule. The insurers feel no payment is warranted under the terms of their insurance policies as a result of the water damage loss on any of the other items in the supplemental claim that they received. The insurers are also prepared to remit the depreciation holdback ($9214.35) at this time.

The summary of the claim as approved by the insurers is as follows:

| | | |
|---|---|---|
| Clean up and water removal | $ | 47,387.20 |
| Demolition work completed | $ | 36,755.57 |
| Reconstruction costs | $ | 133,737.19 |
| Carpet and wall covering supplemental | $ | 592,786.75 |
| | | |
| Replacement cost loss | $ | 810,666.71 |

The policy contains a deductible of $25,000. The insurers have made prior payments that total $183,665.61. Accordingly, the additional payment our clients are prepared to make in connection with this claim is $602,001.10. We enclose a Sworn Statements in Proof of Loss for each insurer (under separate tabs in the Excel attachment) for your clients to sign and have notarized to obtain these insurance proceeds. As you will see, these Proofs of Loss reflect the prior payment and deductible.

Finally, as we trust you recognize, we do not intend by this letter to waive any of the terms, conditions or provisions of the insurance policies issued by the captioned insurers or any of the insurers' rights or defenses under those policies or at law. Nor should this letter be construed as an admission of coverage which, of course, must be determined under the terms of those policies.

If you have any questions, please feel free to communicate with us. We look forward to receiving the executed Proofs of Loss.

Very truly yours,

WHITE FLEISCHNER & FINO, LLP

*Frederic R. Mindlin*

Frederic R. Mindlin
fmindlin@wff-law.com
FRM/
Enc.


ac. **Via Email**:
Allied World Assurance Company
Lexington Insurance Company
Tim Lehman-York Claims

# EXHIBIT N

## SWORN STATEMENT IN PROOF OF LOSS

| | | |
|---|---|---|
| $2.5 million part of $10 million | | 1374229 |
| AMOUNT OF POLICY AT TIME OF LOSS | | POLICY NUMBER |
| 06/22/2004 | | Willis of Pennsylvania, Inc. |
| DATE ISSUED | PARTIAL PAYMENT OF AN UNDISPUTED | AGENT |
| 06/22/2005 | AMOUNT WITHOUT PREJUDICE | Radnor, PA |
| DATE EXPIRES | | AGENCY AT |

To the _____ **Allied World Assurance Company (U.S.) Inc.** _____ Insurance Company

of _____ **Boston, Massachusetts** _____

At the time of loss, by the above indicated policy of insurance, you insured _____ Wynn Resorts, LLC

Per schedule: 817 5th Avenue, New York, NY

against loss by ___Water Damage___ to the property described under Schedule "A", according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. Time and Origin:  A ___Water Pipe leak___ loss occurred about the hour of _____ o'clock
on the ___29th___ day of ___December___ , ___2004___ . The cause and origin of the said loss were ___Pipe leaking in___
apartment above insured's residence.

2. Occupancy: The building described, or containing the property described, was occupied at the time of the loss as follows, and for no
other purpose whatever ___Personal Residence___

3. Title and Interest: At the time of the loss the interest of your insured in the property described therein was ___N/A___
No other person or persons had any
interest therein or encumbrance thereon, except: ___no exceptions___

4. Changes: Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession,
location or exposure of the property described except: ___no exceptions___

5. Total Insurance: The total amount of insurance upon the property described by this policy was, at the time of loss, ___$2.5 Mil. Part of $10 mil.___
as more particularly specified in the apportionment attached under Schedule "C", besides which there was no policy or other contract of
insurance, written or oral, valid or invalid.

6. Actual Cash Value of said property at the time of the loss was....................................................$ **To Be Determined**

7. Partial Damage Claim ......................................................................................$ $ **810,666.71**

8. Less payments already made,............$ $ **(208,665.61)**

9. The Partial Amount Claimed under the above numbered policy is......25% OF TOTAL APPORTIONED $ **150,500.28**

Any person who knowingly and with intent to injure, defraud, or deceive any Insurance Co., files a statement of
claim concerning any false incomplete or misleading information is guilty of a felony of third degree.

The furnishing of this blank or the preparation of proofs by a representative of the above company is not a waiver of any of its rights.

State of ___NEVADA___

County of ___CLARK___

Subscribed and sworn before me this ___3RD___ day of ___OCTOBER___, ___2007___

_Linda Young - Director of Insurance_
_Wynn Resorts Limited_ Insured

_Kathleen M. Olson_ Notary Public

KATHLEEN M. OLSON
Notary Public State of Nevada
No. 07-74973-1
My appt. exp. March 26, 2010

# SWORN STATEMENT IN PROOF OF LOSS

| $7.5 million part of $10 million | | 1374229 |
|---|---|---|
| AMOUNT OF POLICY AT TIME OF LOSS | | POLICY NUMBER |
| 06/22/2004 | PARTIAL PAYMENT OF AN UNDISPUTED | Willis of Pennsylvania, Inc. |
| DATE ISSUED | AMOUNT WITHOUT PREJUDICE | AGENT |
| 06/22/2005 | | Radnor, PA |
| DATE EXPIRES | | AGENCY AT |

To the _____ **Lexington Insurance Company** _____ Insurance Company

of _____ **Boston, Massachusetts** _____

At the time of loss, by the above indicated policy of insurance, you insured _____ Wynn Resorts, LLC _____

per schedule: 817 5th Avenue, New York, NY

against loss by __Water Damage__ to the property described under Schedule "A", according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. Time and Origin: __A__ Water Pipe ~~Leak~~ loss occurred about the hour of _____ o'clock
on the __29th__ day of __December__ , __2004__ . The cause and origin of the said loss were __Pipe ~~leaking~~ in__
apartment above insured's residence.

2. Occupancy: The building described, or containing the property described, was occupied at the time of the loss as follows, and for no
other purpose whatever __Personal Residence__

3. Title and interest: At the time of the loss the interest of your insured in the property described therein was __N/A__
No other person or persons had any
interest therein or encumbrance thereon, except: __no exceptions__

4. Changes: Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession,
location or exposure of the property described except: __no exceptions__

5. Total Insurance: The total amount of insurance upon the property described by this policy was, at the time of loss, __$7.5 Mil. Part of $10 mil.__
as more particularly specified in the apportionment attached under Schedule "C", besides which there was no policy or other contract of
insurance, written or oral, valid or invalid.

| 6. Actual Cash Value of said property at the time of the loss was.................................................$ | **To Be Determined** |
|---|---|
| 7. Partial Damage Claim ..................................................................................$ | $ 810,666.71 |
| 8. Less payments already made............$ | $ (208,665.61) |
| 9. The Partial Amount Claimed under the above numbered policy is......75% OF TOTAL APPORTIONED $ | 451,500.83 |

**Any person who knowingly and with intent to injure, defraud, or deceive any Insurance Co., files a statement of
claim concerning any false incomplete or misleading information is guilty of a felony of third degree.**

The furnishing of this blank or the preparation of proofs by a representative of the above company is not a waiver of any of its rights.

State of __NEVADA__

County of __CLARK__

Subscribed and sworn before me this __3RD__ day of __OCTOBER__ , __2007__

_Lindy Young - Director of Insurance_
_Wynn Resorts Limited_ Insured

_Kathleen M. Olson_ Notary Public

KATHLEEN M. OLSON
Notary Public State of Nevada
No. 02-74973-1
My appt. exp. March 26, 2010

# EXHIBIT O

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Matthew J. Herrington
202.429.8164
mherrington@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC  20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

October 15, 2007

Mr. Steven Wynn
Wynn Resorts L.L.C.
c/o Barry L. Slotnick, Esq.
Buchanan, Ingersoll & Rooney PC
1 Chase Manhattan Plaza, 35th floor
New York, NY 10005

Re:    Insured: Wynn Resorts, LLC
        Insurers: Lexington Insurance Co. and
                Allied World Assurance Co.
        DOL: December 29, 2004
        Lexington Insurance Claim No.: 421-004208
        AWAC Claim No.: 648-007687
        Type of Loss: Property loss at 817 Fifth Avenue, New York, New York

Dear Mr. Slotnick:

        This law firm represents the Insurers noted above and we write you in your capacity as counsel to the Insured.  As you know, the Insurers and the Insured do not agree on the replacement cost building loss for the above-mentioned property.

        We direct your attention to the following provision for Appraisal in the Insured's policy, which reads in relevant part:

**Building and Personal Property Coverage Form**

**E.2. Appraisal**

> **If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select**

STEPTOE & JOHNSON LLP

Wynn Appraisal Demand
October 15, 2007
Page 2

**an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:**

**a. Pay its chosen appraiser; and**

**b. Bear the other expenses of the appraiser and umpire equally.**

By this letter and in accordance with the foregoing, we hereby demand an appraisal and name Jonathon C. Held, 277 Willis Ave., Roslyn Heights, NY 11577, (516) 621-2900 as our appraiser. Please notify us of the name of the Insured's appraiser. Once we have heard from you regarding the name of the Insured's appraiser, we will send you a sample agreement for submission to appraisers.

Nothing stated in this letter is intended nor should it be construed to be a waiver of any of the terms or conditions of the policy nor of any rights or defenses available to Lexington Insurance Company or Allied World Assurance Company. Lexington Insurance Company and Allied World Assurance Company specifically reserve all such rights and defenses now apparent or as may become apparent.

Please note that, in connection with this Demand, we plan to file a Motion to Stay proceedings in *Steven Wynn et al. v. Lexington Ins. Co. et al.*, Civil Action No. 07 CV 7604 (PAC), currently pending in the United States District Court for the Southern District of New York, pending the outcome of the appraisal referenced in this letter.

Very truly yours,

Matthew J. Herrington, Esq.
Attorney for Insurers

# EXHIBIT P

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Christopher J. Marino
212.506.3934
cmarino@steptoe.com

750 Seventh Avenue
19th Floor
New York, NY 10019
Tel 212.506.3900
Fax 212.506.3950
steptoe.com

February 29, 2008

<u>VIA FACSIMILE</u>

Hon. Naomi R. Buchwald, U.S.D.J.
United States District Court,
  Southern District of New York
500 Pearl Street, Room 2270
New York, New York 10007

> Re: ***Steven Wynn, et al. v. Lexington Ins. Co., et al.***
> **Southern District of New York, Docket No. 07 CV 7604 (NRB)(MHD)**

Dear Judge Buchwald:

    This firm represents Lexington Insurance Company and Allied World Assurance Company (US) Inc. (collectively, the "Defendants") in the above-captioned matter.

    Pursuant to Your Honor's Individual Practices, we are writing in advance of the Pre-Trial Conference scheduled for Tuesday, March 4, 2008, to request that during such Pre-Trial Conference, the Court also conduct a pre-motion conference. Defendants seek the Court's permission to file a motion to stay these proceedings until after the parties have first complied with the Appraisal provision set forth in the Insureds' insurance policies that are at the center of this case (the "Policy").

    Indeed, the Policies provide the following clear protocol for resolving disputes concerning the valuation of claims:

E.2. Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

Doc. # NY-12443 v.1

STEPTOE & JOHNSON LLP

Hon. Naomi R. Buchwald, U.S.D.J.
February 15, 2008
Page 2

    a.    Pay its chosen appraiser; and

    b.    Bear the other expenses of the appraiser and umpire equally.

Pursuant to the terms of the Policies, Defendants have duly demanded that the parties submit to an appraisal. However, Plaintiffs have neither agreed to participate in this protocol, nor to a stay of the pending proceedings while an appraisal is conducted. As a result, Defendants are compelled to make a formal application to the Court to compel the appraisal and for a stay.

Defendants' application is not only supported by the explicit terms of the Policies but by well-settled law in this Circuit. Indeed, appraisal is appropriate where the parties' primarily disagree as to the amount of loss or damage, as is the case in this matter (*see, e.g., GBC & A. Richardson v. Merrimack Mut. Fire Ins. Co.*, 2000 WL 297171, at \*5 (S.D.N.Y. March 21, 2000)), and this Court has the power to enforce appraisal clauses in insurance agreements pursuant to New York C.P.L.R. 7601. *See, e.g., SR Int'l Bus. Ins. Co. Ltd. v. World Trade Ctr. Properties, LLC*, 2002 WL 1905968 (S.D.N.Y. Aug. 19, 2002).

When enforcing appraisal clauses, courts often stay the action pending the outcome of the appraisal, the relief requested in this instance. *See, e.g., ZAR Realty Mgmt. Corp. v. Allianz Ins. Co.*, 2003 WL 1744288 (S.D.N.Y. March 31, 2003); *SR Int'l Bus. Ins. Co. Ltd. v. World Trade Ctr. Properties, LLC*, 445 F. Supp. 2d 320, 330 (S.D.N.Y. 2006) (saying that "a court generally reviews disputed questions of law after an appraisal is complete"). Such a result is especially warranted here where the primary dispute between the parties involves the amount of loss or damage.

Indeed, it would be a manifest waste of the Court's resources to delve into questions of law before an appraisal is complete, especially when the result of the appraisal could render this case moot or lead to a settlement of the claim. Therefore, a stay pending appraisal is in the interest of all of the parties, as well as this Court.

Accordingly, pursuant to Your Honor's Individual Practices Number 2.A., we hereby request the Court to schedule a pre-motion conference concerning the foregoing.

We are available at the Court's convenience to address this matter further.

Respectfully submitted,

Christopher J. Marino

cc:    Barry I. Slotnick, Esq.
      *(Counsel for Plaintiffs)*
      *via electronic mail*